L. C. GRANT v. C. F. COLLINS.

No. 285.

**Practice on Appeal — Jurisdiction — Parties to Appeal Bond.—**
Plaintiff's suit was on a vendor's lien note against the maker and other parties
to whom the land had been subsequently conveyed, G. being among them, and
having also assumed payment of the note. The judgment was in favor of plaint-
iff against all the parties, and in favor of G.'s codefendants over against him for
such part of the judgment as they should be compelled to pay. G. alone ap-
pealed, making his appeal bond payable to the plaintiff only. *Held,* that as the
bond was not payable to all parties at adverse interest in the judgment, the ap-
pellate court would of its own motion dismiss the appeal for want of jurisdiction.

APPEAL from Wichita.　Tried below before Hon. GEORGE E. MILLER.

*Ashby S. James,* for appellant.

No brief for appellee reached the Reporter.

HEAD, ASSOCIATE JUSTICE.—Appellee, as plaintiff in the court below,
sued A. Newby, W. W. Flood, William McGregor, George A. Giddings,
L. C. Grant, R. M. Moore, and J. P. Boyd, as defendants, and alleged,
that said Newby, on the 31st day of January, 1890, executed to said
Flood his note for $550, for part of the purchase price of lot 12 in block
177 of the town of Wichita Falls; that thereafter the said Newby con-
veyed said lot to said McGregor and Giddings, in part consideration of
which they assumed and agreed to pay the note aforesaid; that thereafter
the said McGregor and Giddings conveyed a part of said lot to said
Grant, in part consideration of which he assumed and agreed to pay said
note; that said Moore and Boyd claim a part of said lot; that said Flood
had endorsed said note to plaintiff, who is still the owner thereof.

The defendant Grant answered, denying plaintiff's allegations, and
pleading over against his vendors, McGregor and Giddings, and asked
that the trade between them be cancelled, because, as a part of said trade,
they had promised to, and falsely represented that they would, within
twelve months, erect upon that part of the lot not sold to appellant a two-
story brick business house, which they had placed it out of their power
to do by selling that part of the lot to other parties. A general de-
murrer was sustained to this part of appellant's answer, and judgment
was rendered in favor of appellee against Newby, Flood, McGregor, Gid-
dings, and Grant for the amount of the note, and against all of the de-
fendants foreclosing the vendor's lien on the entire lot; in favor of Moore
and Boyd, requiring Grant's part of the lot to be first sold; in favor of
McGregor and Giddings over against Grant for such part of the judg-
ment as they may be compelled to pay; in favor of Newby over against

Grant, McGregor, and Giddings for such part of the judgment as he may be compelled to pay; and in favor of Flood over against Grant, McGregor, Giddings, and Newby for such part of the judgment as he may be compelled to pay.

Grant alone has attempted to appeal from this judgment, and has made his appeal bond payable only to the plaintiff Collins. His most important assignment of error, however, relates to the action of the court in sustaining the general demurrer to his answer seeking to have a cancellation of the deed to him from McGregor and Giddings.

We think it quite too clear for argument, that we have no jurisdiction of this appeal. The appeal bond should have been made payable to each of the parties to the judgment who were interested adversely to appellant, and it is plain that not only the plaintiff, but each of the other defendants, had such an interest. The bond is so wholly insufficient in this case that we must take notice of it and dismiss the appeal, although no motion has been made by the adverse parties to this effect, and no brief has been filed in their behalf. Young v. Russell, 60 Texas, 684; Meade & Bomar v. Bartlett, 77 Texas, 366; Wright v. Bank, 2 Texas Civ. App., 97.

The appeal is dismissed.

*Appeal dismissed.*

Delivered November 15, 1893.