### R. V. Dixon v. A. O. Watson.

Decided January 3, 1906.

**Writ of Error—Description of Judgment—Court—Amendment.**

A petition for writ of error must describe the judgment, and the name of the court rendering it is essential to such description. Naming the wrong county in describing a County Court judgment is not such an obvious clerical error as to be immaterial; and the defect is not waived by exceptance of service nor cured by an amended petition and citation giving a correct description, after the time for suing out writ of error has expired.

Error from the County Court of Travis County. Tried below before Hon. James R. Hamilton.

*Fiset & McClendon* and *L. A. Hill,* for plaintiff in error.

*F. C. Von Rosenberg,* for defendant in error.

Key, Associate Justice.—May 2, 1904, A. O. Watson recovered a judgment against R. V. Dixon in the County Court of Travis County. On May 1, 1905, Dixon filed with the clerk of the County Court of Travis County a petition for writ of error which correctly described the judgment referred to, except that it stated that it was rendered by the County Court of Caldwell County. Watson by his attorney, waived the issuance and service of citation, and accepted notice of the filing of the petition. On the same day that the petition was filed, Dixon filed an affidavit with the county judge of Travis County, made the necessary proof and obtained an order authorizing him to prosecute a writ of error without giving bond.

May 25, 1905, Dixon filed an amended petition for writ of error, in which amendment it was stated that the judgment complained of was rendered by the County Court of Travis County. On the same day a citation was issued by the clerk of County Court of Travis County, upon the original and amended petition, in which citation the judgment was correctly described. The citation was duly served on Watson on May 31, 1905.

The defendant in error has submitted a motion to dismiss the writ of error, because the petition fails to properly describe the judgment. The statute requires a petition for writ of error to describe the judgment with sufficient certainty to identify it. In describing a judgment so as to distinguish it from all other judgments the statement of the court by which it was rendered is one of the most important matters of description; and when it is sought to apply such a description to a judgment rendered by a different court from the one stated in the description, it must be held that such description does not identify that

judgment, unless it manifestly appears that the person who wrote the description committed a clerical error in stating the court by which the judgment was rendered. It is possible that a suit substantially similar to this as to parties, subject matter and final judgment may have been decided by the County Court of Caldwell County. And if any such judgment was in existence the desription under consideration would, to say the least, be equally applicable to it; and therefore, we hold that it does not manifestly appear that a clerical error was made in describing the judgment as rendered by the County Court of Caldwell County.

It is contended, however, that the acceptance of service on the petition and the subsequent filing of an amended petition correcting the mistake in the original petition, and the issuance and service of the citation correctly describing the judgment, cured the defect referred to and perfected the writ of error. We attach no importance to the acceptance of service. Such acceptance admitted nothing and cured no defects. The amended petition was filed and the citation was issued and served after the time had expired within which a writ of error could be sued out; and, for this reason, we hold that such additional proceedings did not cure the defect in the original petition. If the additional proceedings referred to had been taken before the time had expired for suing out the writ of error, the ruling would be different. In Crunk v. Crunk, 23 Texas, 605, it is held that a writ of error is sued out when the petition and bond are filed; and if the petition is not in substantial compliance with the statute, we hold that it can not, if radically defective, be aided by what is subsequently done by the plaintiff in error, or the clerk, after the time has expired for suing out the writ. (Weems & Waldo v. Watson, 91 Texas, 35.)

For the reasons stated, the motion will be sustained and the writ of error dismissed.

*Dismissed.*