## KEEL & SON v. GRIBBLE–CARTER GRAIN CO.

(Court of Civil Appeals of Texas. Feb. 16, 1911. Rehearing Denied March 2, 1911.)

APPEAL AND ERROR (§ 376*)—BONDS—PARTIES TO.

One defendant secured an order impleading another, and a judgment was rendered in favor of the plaintiff against the first defendant, and in favor of the first defendant against the second. It provided that any money taken on execution issued upon the second judgment, should be applied to the satisfaction of the first. An

appeal was taken by the second defendant who gave a bond obligated only to the first defendant. *Held*, that the plaintiff was interested in the judgment adversely to him, and should have been made a party to the bond, and for failure to do so, the appeal will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2011–2016; Dec. Dig. § 376.*]

Appeal from Lamar County Court; L. L. Hardison, Judge.

Action by J. S. Williams against the Gribble-Carter Grain Company, in which Keel & Son were impleaded. From a judgment in favor of plaintiff against the Gribble-Carter Grain Company, and a further judgment in favor of the latter against Keel & Son, they appeal. Appeal dismissed.

Davis & Thomason, for appellant. Burdett & Connor, for appellee.

HODGES, J. In November, 1908, J. S. Williams, who was residing at or near Brookston, Tex., began negotiations with the Gribble-Carter Grain Company of Sherman, Tex., the appellee in this suit, for the purpose of purchasing a car load of corn. He wanted No. 2 Northern corn, and asked for prices. Further correspondence followed, resulting in a written contract by which the Gribble-Carter Grain Company agreed to sell Williams a car load of No. 2 mixed corn, f. o. b. cars at Brookston, at 70 cents per bushel. The corn which was finally shipped in compliance with this agreement was purchased by the appellee, Gribble-Carter Grain Company, from Keel & Son of Gainesville, Tex., who are the appellants in this suit, the price paid to them being 67½ cents per bushel. There was a written contract between the grain company and Keel & Son, substantially the same as that between the former and Williams, calling for a car load of No. 2 mixed corn f. o. b. cars at Brookston. The corn was shipped by Keel & Son to Brookston during the latter part of November. The bill of lading was made out to shipper's order, notifying Gribble-Carter Grain Company. Upon the shipment of the corn Keel & Son drew their draft, with the bill of lading attached, upon Gribble-Carter Grain Company for the price, which was paid without the grain company's ever having seen the corn. The Gribble-Carter Grain Company then drew its draft upon Williams for the price, attached thereto the bill of lading, and sent it to a bank in Paris for collection. Williams was at the time absent from the state, but the draft was promptly paid by his agent before any inspection of the corn was made. Upon its arrival the corn was unloaded from the car and carried to Williams' ranch about two miles distant in the country, by his employés. A portion of it was thereafter fed to his stock. About December 6th following Williams returned, made an examination of the grain, and decided that it was

of an inferior quality and not up to the grade he had contracted for. He immediately sent a sample to the Gribble-Carter Grain Company with his complaint and asking that proper steps be taken to make his loss good. The grain company thereupon notified Keel & Son of Williams' complaint, and requested them to make a satisfactory adjustment. This, however, was not done; and in February, 1910, Williams filed a suit in the county court of Lamar county, against the Gribble-Carter Grain Company for the damages he claimed to have sustained by reason of the breach of the contract in shipping him an inferior quality of corn. The Gribble-Carter Grain Company answered by general denial and specially pleaded that it had purchased the corn from Keel & Son, and asked that they be made parties, and for judgment against them in the event Williams should recover in his suit. It seems that Williams made no objection to this proceeding, and Keel & Son were accordingly brought into the litigation. They answered by pleading their privilege to be sued in the county of their residence, by an exception to the special plea of the grain company in which it sought to have them made parties to that suit, and other matters in bar not necessary here to notice. The plea of privilege and exception were overruled, the case submitted to the court without a jury, and a judgment rendered in favor of Williams against the Gribble-Carter Grain Company for $452, and in favor of the latter over against the appellant, Keel & Son, for the same amount. The judgment also provided that any money collected upon an execution issued on the judgment against Keel & Son should be applied by the officer collecting the same on the judgment rendered in favor of the plaintiff, Williams, against the Gribble-Carter Grain Company.

Keel & Son alone have appealed. The appeal bond filed by them was made payable to the Gribble-Carter Grain Company only. Before the submission of this case a motion was filed by the appellee, Gribble-Carter Grain Company, to dismiss the suit on account of several alleged defects in that bond. Those pointed out were: A failure to describe the judgment with sufficient accuracy, and failure to make Williams an obligee. In answer to that motion Keel & Son tendered in this court a new bond curing some of the objections made by the appellee in its motion to dismiss, but still have failed to make the bond payable to Williams as one of the obligees. The motion was passed for consideration with the case. A perusal of the judgment shows that Williams is adversely interested to Keel & Son. Whether the provision in the judgment directing that any money collected on an execution issued against them be applied in satisfaction of his judgment against the Grain Company be

correct or not, it is nevertheless a portion of the judgment rendered. Williams to that extent was made a beneficiary by having that recourse against Keel & Son for the satisfaction of his debt, in addition to his right to an execution against the property of the Gribble-Carter Grain company. We think, under the record in this case, Williams should have been made a party to the bond. This not having been done, this court is without jurisdiction of this appeal, and it is accordingly dismissed.