EMPIRE LIFE INS. CO. v. BEAUMONT LAND & BUILDING CO. et al.

(Court of Civil Appeals of Texas. Austin. March 6, 1912. Rehearing Denied April 10, 1912.)

1. APPEAL AND ERROR (§ 1175*)—REVERSAL—RENDERING JUDGMENT.

In an action wherein a party recovers for false representations, where the evidence tends strongly to show that there were no false representations, but does not render absolutely certain the falsity of the testimony on which the recovery was based, an appellate court cannot on reversal render judgment for the appellant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

2. FRAUD (§ 59*)—DAMAGES—INTEREST.

Where a party is induced by false representations to purchase stock, and in payment gives an interest-bearing note which he is subsequently compelled to pay to an innocent holder, the interest paid by him should be included in the amount recoverable for the false representations.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 60–62, 64; Dec. Dig. § 59.*]

3. FRAUD (§ 59*) — DAMAGES — ATTORNEY'S FEES.

Where a party is induced by false representation to purchase stock, and in payment gives a note providing for the payment of attorney's fees, if the note is placed in the hand of an attorney, which he is subsequently compelled to pay to an innocent holder, the attorney's fees paid by him are not recoverable as a part of his damages for the false representations, since there would have been no attorney's fees if he had paid the note at maturity.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 60–62, 64; Dec. Dig. § 59.*]

4. FRAUD (§ 34*) — RECOVERY — CONDITIONS PRECEDENT.

Where a person is induced by false representations to give a note in payment of stock, and judgment is subsequently recovered against him on the note by an innocent holder, his recovery for the false representation should be conditional upon his payment of the judgment.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 29; Dec. Dig. § 34.*]

Appeal from District Court, Bell County; John D. Robinson, Judge.

Action by the Beaumont Land & Building Company against James E. Ferguson and others. Judgment was rendered in favor of plaintiff and also in favor of James E. Ferguson against the Empire Life Insurance Company, a codefendant, which appeals. Affirmed in part and reversed and remanded in part.

Crook, Lord & Lawhon, of Beaumont, for appellant. F. M. Spann, for appellee Ferguson. Hair & Woodward, of Temple, for appellee Beaumont Land & Building Co.

KEY, C. J. Appellees concede the correctness of the statement of the nature and result of this suit in appellant's brief, which is as follows: "The Beaumont Land & Building Company received, in due course of trade, a note executed by James E. Ferguson, and indorsed by Wood, Hargrove & Strange, being for the principal sum of $2,000, and secured by 10 shares of the capital stock of the Empire Life Insurance Company, and to collect the same brought suit after maturity against Ferguson as maker and Wood, Hargrove & Strange as indorsers, and prayed for foreclosure of the lien upon the stock held as collateral. Ferguson admitted the execution of the note, claiming, however, that it was secured by fraud, and that such note was given as the purchase price of 10 shares of stock in the Empire Life Insurance Company, but that at the time he signed the same he was misled by fraudulent representations of a material nature concerning the capital stock and condition of the Empire Life Insurance Company, such fraudulent representations being made by Mr. Strange, of the firm of Wood, Hargrove & Strange, and in his capacity as agent of the Empire Life Insurance Company, and that acting upon such fraudulent representations he bought the stock and signed the note sued upon in payment thereof. Mr. Ferguson claimed that Mr. Strange, in his capacity as agent for the Empire Life Insurance Company, represented to him that the proposed capital stock of such company was $100,000, represented by 1,000 shares of the par value of $100 each, that its surplus at the time it should begin business would be $100,000, and that the expense of promotion would not exceed $25,000; whereas, in fact, the capital stock was $150,000, represented by 1,500 shares of the par value of $100 each, the surplus $50,000 and the expense of promotion as represented. Mr. Ferguson therefore prayed that because of such misrepresentations, and because he believed and acted upon the same in subscribing for 10 shares of stock giving the note sued on in payment, that he should be relieved of the obligation expressed in the note; or, if such note was found to be a valid obligation in the hands of its holder, the Beaumont Land & Building Company, that he should have judgment for damages by reason of the fraudulent representations over against Wood, Hargrove & Strange; or, if it was found that Wood, Hargrove & Strange were agents of the Empire Life Insurance Company, that he should then be given judgment against such Life Insurance Company for such damages as arose from his acting upon the fraudulent representations of its agent. Wood, Hargrove & Strange, as well

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

as their principal, the Empire Life Insurance Company, answered that there were no false representations made to Ferguson at the time he signed said note, but, on the contrary, Ferguson was fully advised and informed by Wood, Hargrove & Strange, through Mr. Strange, as to the plan of organization of said company, and that the representations of Mr. Strange as to the proposed capital stock, surplus, and expense of promotion were true and correct statements and made to Mr. Ferguson at the time he signed the note sued upon, and fully understood by him. The case going to trial before a jury, judgment was rendered in favor of the Beaumont Land & Building Company against James E. Ferguson as maker, and Wood, Hargrove & Strange as indorsers of said note, for principal, interest, and attorney's fees, as therein provided. Judgment for damages was also rendered in favor of James E. Ferguson against the Empire Life Insurance Company, the jury finding in their verdict that the agents of the Empire Life Insurance Company, Wood, Hargrove & Strange, acting through Mr. Strange, made to Ferguson false representations of a material nature regarding the stock and condition of the Empire Life Insurance Company, upon which Ferguson acted to his damage in the sum of $928.22, such sum representing the difference between the value of the 10 shares of stock as represented and their book value, including interest upon such sum at the rate of 6 per cent. from the date of the purchase of the stock, August 12, 1909, to the date of the verdict, March 1, 1911, and in addition to such amount was added $200 as attorney's fees. Upon rendition of the above judgment, the Empire Life Insurance Company duly excepted, and has perfected this appeal to have the same revised and corrected."

In appellant's brief four contentions are presented, which are: "First, that the agent of the Empire Life Insurance Company made no false representations. Second, or, if such false representations were made, that the judgment allowing interest as part of the damage was error. Third, that the allowance of $200 as attorney's fees was not properly included in computing the damages for fraud. And, fourth, if Ferguson is entitled to judgment by reason of fraud, it should be conditioned upon the satisfaction by him of the judgment against him based on the note for $2,000."

[1] As to the first contention, appellant's proposition is that while appellee Ferguson testified as a witness that J. Austin Strange, representing the firm of Wood, Hargrove & Strange, as agents of the Empire Life Insurance Company, misinformed and deceived him as to the amount of the capital stock and surplus of the insurance company, and thereby induced him to execute the note sued on, other testimony subsequently put before the jury showed Ferguson's testimony in that

regard was untrue, and therefore that the judgment should not only be reversed, but that this court should render judgment for appellant. While the other testimony referred to tended strongly to support appellant's contention, it did not demonstrate and render absolutely certain the proposition that Ferguson testified falsely in the particulars referred to; and we therefore hold that it would not be proper for this court to reverse and render. As to whether the case should be reversed and remanded upon the theory that the verdict is not supported by sufficient evidence, we deem it unnecessary to decide, because we have reached the conclusion that it must be reversed on account of errors in the court's charge.

[2] As to appellant's second contention, we hold that, as the note bore interest from date, if Ferguson is entitled to recover from appellant, he is entitled to interest at the same rate of the debt as part of the damages.

[3] As to the third point, we sustain appellant's contention, and hold that Ferguson was not entitled to recover $200, or any other sum, as attorney's fees. It is true that the note contained the usual stipulation for 10 per cent. attorney's fees, if placed in the hands of an attorney, etc.; but if Ferguson had paid the note at maturity, as he obligated himself to do, he would have avoided the payment of attorney's fees; and therefore, although the plaintiff recovered judgment against him for $200 attorney's fees, he is not entitled to be reimbursed for any portion thereof.

[4] We also sustain appellant's fourth contention, and hold that if, upon another trial, Ferguson recovers over against the insurance company, his recovery should be conditional upon his payment of the judgment rendered against him.

On account of the errors pointed out, the judgment is reversed, and the cause remanded, as between the insurance company and Ferguson; in all other respects, the judgment is affirmed.

Reversed and remanded in part, and affirmed in part.