HARLIN v. FIRST STATE BANK & TRUST CO. OF SNYDER et al.

(Court of Civil Appeals of Texas. Amarillo. June 8, 1912.)

APPEAL AND ERROR (§§ 327, 376*)—WRIT OF ERROR—PARTIES.

Where plaintiff, in an action on a note against several defendants, two of whom pleaded suretyship, obtained judgment against all defendants jointly, and the two defendants pleading suretyship obtained judgment over against the other defendants, none of whom contested the issue of suretyship, and the judgment for plaintiff was paid in part by a defendant adjudged a principal and in part by a defendant adjudged a surety, a writ of error by the defendant adjudged a principal, brought against the defendants adjudged sureties, to revise the judgment in favor of the sureties, must be dismissed for failure to make the other defendants parties, and because the bond was not payable to all of the defendants, especially where defendant suing out the writ had unsuccessfully maintained an action against one of the sureties to litigate the question of suretyship.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1814–1820, 1822–1835, 2011–2016; Dec. Dig. §§ 327, 376.*]

Error to Scurry County Court; C. B. Buchanan, Judge.

Action by the First State Bank & Trust Company of Snyder against J. A. Harlin and others to recover on a promissory note.

There was a judgment for plaintiff against all defendants jointly, and a judgment in favor of certain of the defendants, adjudged to be sureties, over against the other defendants, adjudged to be principals, for the amount of the judgment for plaintiff; and after the payment of the judgment for plaintiff, made in part by defendant J. A. Harlin, adjudged a principal, and by W. A. McCullough, adjudged one of the two sureties, defendant J. A. Harlin sued out a writ of error against W. A. McCullough and the other defendant, adjudged sureties, for a revision of the judgment as to them, without making the other defendants parties. Dismissed.

Defendants W. A. McCullough and E. B. Barnes pleaded suretyship, while none of the other defendants raised any issue involving suretyship. Defendant J. A. Harlin had, prior to suing out the writ of error, brought an action against E. B. Barnes, adjudged a surety, to litigate the question of suretyship, but he was defeated in the action.

T. P. Perkins, of Snyder, for plaintiff in error. W. W. Hamilton, C. C. Higgins, and Taylor & Rosser, all of Snyder, for defendants in error.

PRESLER, J. This is a motion by W. A. McCullough and E. B. Barnes, defendants in error, to dismiss this appeal upon the following grounds: First. Because the petition for writ of error does not state the names and residences of all the parties to the judgment adversely interested to the plaintiffs in the petition and to these defendants in error. Second. Because the judgment rendered in this cause is an entirety, and cannot be revised in this court until all the parties defendant are brought before it. Third. Because the judgment rendered herein has been paid off in full to the plaintiff in the original action. Fourth. That this proceeding by writ of error is in effect a collateral attack on a judgment rendered in the county court of Scurry county, Tex., on the 21st day of April, 1911, in the case of J. A. Harlan v. E. B. Barnes, No. 399 on the docket of said court. Fifth. That the bond filed herein by plaintiff in error is not made payable to all of the defendants, as well as to plaintiff, and that they were all interested adversely to plaintiff in error.

Plaintiff in error has filed no answer contesting said motion, and, upon an inspection of the record and the exhibits attached to defendants in error's motion, we are of the opinion that the grounds of the defendants in error's motion are well taken, and that plaintiff in error's appeal should be here dismissed. Cates v. Sparkman, 66 Tex. 156, 18 S. W. 446; Thompson v. House, 23 Tex. 179; McKnight v. McKnight, 124 S. W. 734; Keller & Son v. Gribble-Carter Gro. Co., 134 S.

W. 801; Unknown Heirs of Tutt v. Morgan, 18 Tex. Civ. App. 627, 42 S. W. 578, 46 S. W. 122; Bank v. Daugherty, 81 Tex. 301, 16 S. W. 1028; Tarleton v. Orr, 40 Tex. Civ. App. 410, 90 S. W. 534; Norris Imp. Co. v. Ogden, 147 S. W. 279; Grant v. Collins, 5 Tex. Civ. App. 45, 23 S. W. 994; State Bank of Dallas v. City of Dallas, 28 Tex. Civ. App. 299, 68 S. W. 334; Friedman v. Dockery, 34 S. W. 766.

It is accordingly ordered that this appeal be and the same is hereby dismissed, and that this cause be stricken from the docket of this court.