FERGUSON v. BEAUMONT LAND &
BUILDING CO. et al.

(Court of Civil Appeals of Texas.    Austin.
Jan. 30, 1913.    Rehearing Denied
March 5, 1913.)

1. APPEAL AND ERROR (§ 322*)—NECESSARY
PARTIES.

In an action on a note payable to partners,
defendant pleaded that it was given on their
fraudulent misrepresentations concerning cor-
porate stock sold him, and asked.judgment over
against them, if he was not entitled to judgment
against the corporation, they are necessary par-
ties to a writ of error brought by him to re-
view a judgment against him on the note and
against the partners as indorsers.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 1795–1797; Dec. Dig. §
322.*]

2. APPEAL AND ERROR (§ 797*)—MOTION TO
DISMISS—FILING—TIME.

Motion to dismiss a writ of error for fail-
ure to join parties adversely interested is filed
in time if filed before defendant in error waives
the omission by appearance.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 3149–3154; Dec. Dig. §
797.*]

3. APPEAL AND ERROR (§ 1185*)—JUDGMENT
—RIGHT TO REVERSE.

The Court of Civil Appeals is without ju-
risdiction to set aside a judgment rendered at
a former term, though it may be erroneous.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 4636–4641; Dec. Dig. §
1185.*]

Error from District Court, Bell County;
John D. Robinson, Judge.

Action by the Beaumont Land & Building
Company against James E. Ferguson and
others, with cross-bill by defendant Ferguson.
From the judgment he brings error, and de-
fendants move to dismiss the writ.    Writ
dismissed.

Spann & Spann, of Temple, for plaintiff
in error.    Hair & Woodward, of Temple,
for defendants in error.

KEY, C. J.    The Beaumont Land & Build-
ing Company, a private corporation, brought
suit in the district court against Jas. E.
Ferguson and T. J. Wood, H. M. Hargrove,
and J. Austin Strange, composing the firm
of Wood, Hargrove & Strange, seeking to
recover upon a promissory note for $2,000
executed by Jas. E. Ferguson, and payable
to the order of Wood, Hargrove & Strange,
and to foreclose a lien upon 10 shares of the
capital stock of the Empire Life Insurance
Company. The plaintiff alleged that the note
had been assigned to it, and was secured by
10 shares of the capital stock of the Empire
Life Insurance Company, attached by Fer-
guson to the note as collateral security there-
for.    The defendant Ferguson filed an an-
swer, which, among other things, contained
averments to the effect that he purchased 10
shares of the capital stock of the Empire
Life Insurance Company, and executed the
note sued on in payment therefor; that in

the negotiations which resulted in the execu-
tion of the note and the delivery to him of
the shares of stock the insurance com-
pany was represented by the firm of Wood,
Hargrove & Strange, and that the agents re-
ferred to, acting for the Insurance Company,
made certain false and fraudulent represen-
tations, by which he was induced to pur-
chase the 10 shares of stock, and execute the
note, and he prayed that the Insurance Com-
pany be made a party to the suit, that the
contract be rescinded and the note sued on be
canceled, but that in the event that the plain-
tiff was no innocent purchaser, as alleged in
its pleading, then he prayed for judgment
against the Insurance Company for $2,500
damages.    That pleading was followed by
another setting up a cross-action against
the defendants Wood, Hargrove & Strange,
alleging that, if the Insurance Company
was not bound by the fraudulent misrepre-
sentations made by Wood, Hargrove &
Strange, he was entitled to judgment against
the latter, and that plea concluded with a
prayer that in the event of the plaintiff's
recovery against him, Ferguson, and in the
event that he was not entitled to a judgment
over against the Insurance Company, then
he asked for judgment over against Wood,
Hargrove & Strange jointly and severally
for the amount of the plaintiff's recovery
against him, etc.    The Insurance Company
and Wood, Hargrove & Strange filed answers
controverting the averments above referred
to, and denying liability thereon.    The plain-
tiff filed a supplemental petition, contending
a general denial, alleging facts necessary to
show that it was entitled to protection as
an innocent holder of the note, etc.    There
was a trial before the jury, which resulted
in a judgment for the plaintiff against the
defendant Ferguson as principal, and Wood,
Hargrove & Strange as indorsers for $2,386,
and a foreclosure of the lien on the collater-
al security above referred to.    It provides
that execution is first to issue against the
property of Ferguson, and that Wood, Har-
grove & Strange are only liable for such
amount of the judgment as cannot be collect-
ed from Ferguson. Judgment was also ren-
dered for the defendant· Ferguson on his
cross-action against the Empire Life Insur-
ance Company for $928.22; and it was also
adjudged and decreed that the defendant
Ferguson take nothing on his cross-bill
against the defendant Wood, Hargrove &
Strange, and that he pay the costs incurred
on account of such cross-action. The defend-
ant Ferguson filed in the court below a peti-
tion for writ of error, in which he set forth
that portion of the judgment in favor of the
plaintiff and against him and Wood, Har-
grove & Strange, stating that on account of
the many errors therein he desired to remove
the case to this court for revision, etc.    The
petition gives the name and residence of the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Beaumont Land & Building Company as the only party adversely interested, and contains the usual prayer. At the time of filing the petition for writ of error, Ferguson also filed a writ of error bond in due form and payable to the Beaumont Land & Building Company only, which bond was accepted and approved by the clerk. All the other necessary steps were taken to prosecute a writ of error. The transcript and statement of facts were filed in this court on the 25th day of May, 1912.

[1, 2] On November 15, 1912, the defendant in error filed a motion to dismiss the writ of error, alleging that this court has no jurisdiction of the same, first, because the petition for writ of error does not state the names and residences of all the parties to the judgment adversely interested to the plaintiff in error; and, second, because the plaintiff in error has' not made Wood, Hargrove & Strange obligees in his bond for writ of error, nor any other party to said suit, save and except the Beaumont Land & Building Company, and. no citation has been served upon any other party, nor have such other parties entered an appearance in this court. Counsel representing the motion to dismiss contend that, as the statute requires that all parties to the suit who were adversely interested shall be made parties defendant to the writ of error, a failure in that respect deprives the appellate court of jurisdiction, and that such defect cannot be waived, and may be called to the attention of the court at any time, and they have presented an argument, accompanied by citation of authorities, in support of that proposition, and in support of the further proposition that Wood, Hargrove & Strange are adversely interested to Ferguson, the plaintiff in error. In their answer to the motion counsel for the plaintiff in error have invoked rule 8 (142 S. W. xi), which they contend required this motion to be filed within 30 days after the transcript was filed in this court, and in which they further contend that Wood, Hargrove & Strange are not adversely interested to the plaintiff in error, and therefore are not necessary parties to the writ of error. The questions presented have received due consideration, and our conclusions are: First, that Wood, Hargrove & Strange are adversely interested, and are therefore necessary parties to the writ of error; and, second, that as the statute requires all parties adversely interested, not joining in the petition for writ of error, to be made defendants thereto, we are of opinion that the requirement referred to is a necessary prerequisite; and that until it is complied with or waived by an appearance in the appellate court of the interested party . that court should not entertain the writ of error; and, for that, reason, the motion to dismiss was not filed too late, and must be considered.

It may be granted that as the judgment against Wood, Hargrove & Strange is not absolute and unconditional, but is dependent upon the failure to collect the same from the proceeds of the foreclosure sale of Ferguson's 10 shares of stock in the Insurance Company, as decreed by the judgment, and out of other property belonging to Ferguson and subject to forced sale for his debts, a reversal as to Ferguson would necessarily operate as a reversal as ⌄o Wood, Hargrove & Strange. But it is this very fact that, by the terms of the judgment, they are not absolutely, but only secondarily, liable that makes Wood, Hargrove & Strange adversely interested to any effort that may be made by Ferguson, or any one else, to set aside the judgment and open the case up for another trial. The record does not show that in the court below the plaintiff conceded that Wood, Hargrove & Strange were only secondarily liable, and in its petition it prayed for the same judgment against them as against Ferguson. Furthermore, if the case be sent back for another trial, the plaintiff might undertake to hold Wood, Hargrove & Strange liable upon the theory that if they, though acting as agents for the Insurance Company, had perpetrated the fraud alleged by Ferguson, and, if the plaintiff was not entitled to protection as an innocent purchaser of the note, it would be entitled to judgment against Wood, Hargrove & Strange for the amount of the note; or, at any rate, for the amount paid by the plaintiff therefor. So it appears to us that two reasons exist for holding that Wood, Hargrove & Strange are adversely interested to Ferguson's effort to have the judgment set aside and the case tried again, and these are: First, the judgment sought to be set aside is primarily against Ferguson, and it forecloses a lien on certain property belonging to him; and, second, if the case should be retried, Wood, Hargrove & Strange might be put to the risk of having an absolute, and not a conditional, judgment rendered against them. Aside from that risk, the risk involved in delay in enforcing the payment of the judgment by Ferguson is such, it would seem, as to create diversity of interest between him and Wood, Hargrove & Strange. The record indicates that Ferguson is solvent, and that execution against him would result in the payment of the judgment and the release of Wood, Hargrove & Strange of all liability thereunder. It is a matter of common knowledge that in many instances "riches take unto themselves .wings and fly away," and therefore how long Ferguson will remain solvent is a matter of uncertainty; and, if this case should be reversed and on another trial a similar judgment be rendered, it may be that Wood, Hargrove & Strange would be compelled to pay it, because of the inability of Ferguson to do so.

In Pickett v. Jackson, 38 S. W. 395, a judgment was rendered for a sum of money in favor of Jackson and against Pickett

and one Quintimilla, with a foreclosure of liens on certain property owned by Pickett and Quintimilla in severalty, but provided that Pickett's property should be sold first. In other words, the judgment in that case, like the judgment in this, made Pickett's liability primary and that of Quintimilla secondary. Pickett undertook to appeal by writ of error, but did not make Quintimilla a party thereto, and the Court of Civil Appeals for the Fourth District held that Quintimilla's interest was adverse to that of Pickett, and that the failure to make him a party deprived the court of jurisdiction, and the appeal was dismissed. That case seems to be directly in point in support of the views we have expressed. In addition to that case, counsel for the defendant in error have cited the following authorities, which have more or less bearing on the question: Crunk v. Crunk, 23 Tex. 605; Summerlin v. Reeves, 29 Tex. 85; Thompson, Morris & Co. v. Pine & Poindexter, 55 Tex. 427; Young v. Russell, 60 Tex. 684; Weems & Waldo v. Watson, 91 Tex. 35, 40 S. W. 722; Dixon v. Watson, 41 Tex. Civ. App. 266, 91 S. W. 618; Wright v. Red River Bank, 2 Tex. Civ. App. 97, 20 S. W. 879; Grant v. Collins, 5 Tex. Civ. App. 45, 23 S. W. 994; Hayden v. Mitchell, 24 S. W. 1085; Harris v. Simmang, 29 S. W. 669; Frazier v. Weinman, 120 S. W. 904; McKnight v. McKnight, 124 S. W. 734; Keel & Son v. Gribble-Carter Grain Co., 134 S. W. 801; and Harlin v. First State Bank & Trust Co., 149 S. W. 844. Curlin v. Canadian Mortgage Co., 90 Tex. 376, 38 S. W. 766, and other cases cited in behalf of plaintiff in error, are not regarded as applicable to this case. At first blush, the case of Taylor v. Gardner, 99 S. W. 411, decided by the Court of Civil Appeals for the Fifth District, and cited by plaintiff in error, is somewhat in point, as it was there held that the sureties on a cost bond were not adversely interested to the principal in the bond. It seems that judgment was rendered against the plaintiff and the sureties upon his cost bond, and the plaintiff sought to appeal without making the sureties parties; but it does not appear whether or not, according to the terms of the judgment, their liability was primary or secondary. Furthermore, if the judgment rendered against them was for the full amount of the bond, then there was no conflict between their interest and that of the plaintiff, because, under no circumstances, could any greater judgment have been rendered against them.

[3] It seems that an appeal was heretofore prosecuted in this case by the Empire Life Insurance Company, and this court reversed the judgment in favor of Ferguson against the Insurance Company, but affirmed it in favor of the Beaumont Land & Building Company against Ferguson; and, as the judgment of this court was rendered at a former term, it would seem that this court would have no jurisdiction at this time to set that judgment aside, though it may have been erroneously rendered. Empire Life Ins. Co. v. Beaumont Land & Building Co. et al., 146 S. W. 335.

For the reasons stated, the motion is sustained, and the writ of error dismissed.