**SUMMERS et al. v. SILVERTON NAT. FARM LOAN ASS'N et al. (No. 2394.)\***

(Court of Civil Appeals of Texas. Amarillo. Dec. 10, 1924. Rehearing Denied Jan. 14, 1925.)

1. **Appeal and error ⟾361(3) — Owners of lands sold under foreclosure of trust deed, held parties "adversely interested" to other lienholders petitioning for writ of error.**

Defendants, owners of land in suit to enforce lien of deed of trust, *held* parties adversely interested whose names and addresses are required by Vernon's Sayles' Ann. Civ. St. 1914, art. 2088, to be stated in petition for writ of error by other lienholders to review the judgment since such writ of error might result in additional judgment against the owners individually, and against the excess of proceeds on foreclosure sale.

2. **Appeal and error ⟾361(5)—Amendment of petition for writ of error held not authorized.**

Though Vernon's Sayles' Ann. Civ. St. 1914, art. 2104, authorizes the allowance of amendment of defective bonds, the amendment in Court of Civil Appeals of a petition for writ of error is not authorized.

3. **Appeal and error ⟾797(2)—Motion to dismiss writ for want of necessary adverse parties held timely filed, and not waived by filing briefs.**

Motion to dismiss writ of error, because not stating names and residences of all parties adversely interested, *held* timely filed, though not filed within 30 days after filing of transcript as required by rules 8, 9, of Court of Civil Appeals for motions relating to informalities, and same was not waived by defendants in error appearing and filing briefs.

Error from District Court, Briscoe County; R. C. Joiner, Judge.

Action by the Silverton National Farm Loan Association against Jessie F. Summers, Eva Knight, and others. Judgment for plaintiff, and the defendants named bring error. Writ of error dismissed, and cause stricken from docket.

R. A. Sowder, of Lubbock, for plaintiffs in error.

D. Zimmermann, of Tulia, for defendant in error Silverton Nat. Farm Loan Ass'n.

Starnes & Howard, of Lubbock, for defendant in error Martin S. Ruby.

RANDOLPH, J. The Silverton National Farm Loan Association, as plaintiff, brought this suit against D. H. Davis, Stella E. Davis, O. L. Cantwell, Mrs. Jessie F. Summers, Eva Knight, Martin S. Ruby, and S. L. Cantwell, as defendants. Plaintiff, in its petition, alleged: That on or about the 16th day of November, 1921, the defendants made, executed, and delivered to the Federal Land Bank of Houston, at Houston, Tex., a certain amortization promissory note for the sum of $5,000, payable to the order of the Federal Land Bank of Houston, at Houston, Tex., with interest at the rate of 6 per cent. per annum, payable semiannually, conditioned for the payment of said sum and interest on the amortization plan in 66 equal semiannual payments, each equal to 3.25 per cent. of the principal, and a sixty-seventh, or final payment equal to 3.23 per cent. thereof, unless sooner matured by extra payment on account of principal as provided therein. Such methods of payment being on the amortization plan and in accordance with amortization tables provided by the Federal Farm Loan Board, which promissory note further provides that all payments not made when due shall bear interest from the due date of payment at the rate of 8 per cent. per annum; said note also providing that it shall bear interest at the rate of 6 per cent. per annum from date on the principal to the first amortization period, and further providing for 10 per cent. attorneys' fees if placed in the hands of attorneys for collection. That the semiannual payment became due and payable on the first day of November, 1922, and thereafter another of said installments would mature on the first day of May and the first day of November in each and every year, until the entire amount of said note would be paid. The method of payment provided for in said note being on the amortization plan and in accordance with amortization tables provided by the said farm loan board, and that the said defendants D. H. Davis and wife, by reason of the execution and delivery of said note, became liable, and promised to pay to the Federal Land Bank of Houston the sum of money in said note provided, etc. That in accordance with the terms, conditions, provisions, and requirements of the Federal Farm Loan Act (Comp. St. Ann. Supp. 1923, § 9835b et seq.) the plaintiff was required to indorse said note and guarantee its payment in accordance with the terms, provisions, and conditions thereof, and that, by reason of such indorsement, the plaintiff became bound to pay to the Federal Land Bank of Houston the sum provided for in said note, and each and every indorsement maturing thereon. Further alleging the making, execution, and delivery of a certain deed of trust by said Davis and wife to M. H. Gossett, trustee for the use and benefit of the Federal Land Bank of Houston, conveying the land in controversy in this suit to secure the payment of the above-described note, alleging failure and refusal of Davis and wife to pay the semiannual installments on said note, which matured on the 1st day of November, 1922, May, 1923, and November, 1923, and that same were paid by plaintiff and duly transferred to plaintiff by said bank, and also alleging transfer of lien up-

---

⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

\*Writ of error dismissed for want of jurisdiction February 25, 1925.

on said land by said bank to plaintiff as a superior lien to all liens except that of the Federal Farm Loan Bank to secure the residue of the $5,000 note, alleging that the defendants, other than Davis and wife, are each claiming some kind of right, lien, or equity in said tract of land, that this plaintiff is not advised as to the exact nature of the claims asserted by defendants, but that they are inferior to the liens of plaintiff upon said land. Plaintiff prays for judgment against all of the defendants for the sum of money due the plaintiff, principal, interest, and attorneys' fees, and costs of suit, and against all defendants for a foreclosure of its lien on the land, etc.

Defendant Ruby filed his answer and cross-action, in which cross-action he alleges indebtedness of D. H. Davis upon certain vendor's lien notes given by defendant Davis in part payment for the purchase of the land in controversy from one P. A. Jones and wife; that said notes numbered five, and were each for the sum of $2,640, dated June 18, 1920, bearing 8 per cent. interest per annum from date until maturity, and for interest on past-due interest, and attorneys' fees, payment thereof being secured by a vendor's lien upon the land in controversy; further alleging that note No. 3 assigned to defendant Ruby in due course of trade, and for a valuable consideration; that note No. 1 had been paid; that note No. 2 is the property of S. L. Cantwell; that defendants Jessie F. Summers and Eva Knight are the owners and holders in due course of notes Nos. 4 and 5, and that said notes are of equal series, and are entitled to a lien of equal footing with note No. 3, provided that they establish their claims in this suit; praying for recovery of and from defendant D. H. Davis of a judgment for the principal, interest, and attorneys' fees specified in said note No. 3, less certain credits, and for foreclosure of a lien against all of the defendants, and that same be sold according to law, and that the proceeds of such sale be first applied to the payment of costs of suit, then to the payment of the judgment and lien as established by the plaintiff herein, then to the payment of the debt of this defendant; but, "if said defendants Jessie F. Summers, Eva Knight, O. L. Cantwell and S. L. Cantwell establish their liens by cross-action or otherwise, then this defendant prays that the proceeds of said sale, after plaintiff's lien, if any it has, has been satisfied, be prorated between this defendant and the other defendants as their interest may appear," and for execution against said defendant Davis for such sum remaining unpaid, etc., and further that his lien be established against the excess proceeds of sale under plaintiff's foreclosure.

No answers being filed except by defendant Ruby, judgment by default was rendered by the trial court against all parties defendant except said defendant Ruby who, as stated above, appeared and answered. Such judgment being in favor of plaintiff against defendant D. H. Davis for $620.76, and for a foreclosure of its prior lien on the land in controversy as against all of the defendants, and providing that any balance remaining after payment of the judgment in favor of plaintiff be applied to the payment of the judgment in favor of Ruby.

On June 2, 1924, defendants Jessie F. Summers and Eva Knight filed with the clerk of the district court of Briscoe county their petition for writ of error, making plaintiff the Silverton National Farm Loan Association and defendant Martin S. Ruby, as parties adversely interested, parties to the writ of error proceedings; also filing writ of error bond payable only to said Farm Association, plaintiff, and defendant Ruby.

Plaintiff and defendant Ruby filed a joint motion to dismiss plaintiff's writ of error for the reasons, first, because the petition for writ of error does not state the names and residences of all of the parties to the judgment adversely interested to the plaintiff in error, to wit, D. H. Davis, Stella E. Davis; second, because the plaintiffs in error have not made D. H. Davis and wife obligees in their bond for writ of error, nor any other parties to said suit, save and except the Silverton National Farm Loan Association, plaintiff, and defendant Martin S. Ruby; third, because no citation has been served upon any other party save and except the said association and defendant Ruby.

Plaintiffs in error in reply to said motion contend that the parties not named in said petition are not such parties as are "adversely interested," and that, the defendants in error having filed in this court their briefs replying to the brief of plaintiffs in error, all defects, if any, were thereby waived, and that the motion to dismiss not having been filed within 30 days after the filing of the transcript in this court, comes too late.

Article 2088, V. S. C. S. 1914, provides that the petition for writ of error shall state the names and residences of the parties adversely interested.

[1] Were the parties to the judgment who were not named in the petition for writ of error adversely interested to the plaintiff in error? Defendants Davis and wife were the owners of the land, it was their land that was being taken to satisfy any judgment rendered in favor of plaintiff, and they were certainly interested in that result; they were also interested in defendant Ruby's suit to recover judgment against them, and in his effort to apply the excess of the proceeds of the sale under plaintiff's foreclosure to the satisfaction of the judgment against them in his favor; defendants Davis are also interested to the extent that if plaintiffs in error have any rights which they may attempt to assert in the event that the judgment of the trial court is reversed, as disclosed by de-

fendant Ruby's cross-action, such assertion of claim or right by plaintiff in error might result in an additional judgment against defendant D. H. Davis individually, and also against the excess of the proceeds of the foreclosure sale by plaintiff association.

The leading case on the question in this state as to who is a party "adversely interested," and one that, in our opinion, is conclusive of the question, is the case of Peiser et al. v. Peticolas, 48 Tex. 483; in that case Peticolas had brought suit upon a note and mortgage against one Carpenter, and had secured the issuance and levy of a writ of sequestration upon a stock of goods. The appellants in that case intervened, in the suit, and sought to have a portion of the proceeds of the goods appropriated to the payment of their judgment rendered by a justice of the peace. Carpenter filed no answer. Upon a trial it was adjudged that the interveners take nothing by their intervention, and a judgment by default was rendered in favor of Peticolas against Carpenter on the note and for the sale of the goods under the mortgage in payment of the judgment. The interveners sued out a writ of error without making Carpenter a party in the Supreme Court. The defendant in error filed a motion to dismiss the writ of error for the want of proper parties, as well as on other grounds. The Supreme Court held on these facts that the motion to dismiss the writ of error should be sustained, because, if the plaintiffs in error had a right to intervene in the suit, it was for the reason that they had an interest in the subject-matter of the suit, and not as litigants without respect to it, and because, if they succeeded in recovering the judgment, the reversal must extend to that part of the judgment which appropriated Carpenter's goods to the payment of Peticola's debt.

On the question of adverse interest, see, also, Ferguson v. Beaumont Land & Building Co. (Tex. Civ. App.) 154 S. W. 304; Weems & Waldo v. Watson, 91 Tex. 39, 40 S. W. 722; Johnson v. Robeson, 27 Tex. 527.

The record in this cause was filed in this court on the 20th day of August, 1924; appellee's motion to dismiss the writ of error was filed herein October 18, 1924; appellee Martin S. Ruby made his appearance in this court by filing his brief on November 4, 1924, about 10 days after the filing of the motion to dismiss the writ of error; appellee association made its appearance in this court by filing its brief on October 9, 1924, about two weeks before the filing of said motion to dismiss.

Was it necessary for the motion to dismiss to have been filed within 30 days after the filing of the transcript in this court? And was the filing of the briefs in this court a waiver of the defects in said writ of error proceedings?

Rules 8 and 9 for the Court of Civil Appeals are as follows:

268 S.W.—15

"All motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection will be considered as waived, if it can be waived by the party.

"(9) Motion to dismiss for want of jurisdiction to try the case, and for such defects as defeat the jurisdiction and cannot be waived, shall also be made, filed, and docketed at said time; provided, however, if made afterwards, they may be entertained by the court upon such terms as the court may deem just and proper."

While it was held in the case of Curlin v. Canadian & American Mortgage Co., 90 Tex. 334, 38 S. W. 768, that a motion to dismiss a writ of error for nonjoinder of one who was a proper, but not a necessary party, made more than a year after defendant in error appeals, and after the cause is submitted without objection, comes too late; yet the Supreme Court, in the case of Young v. Russell, 60 Tex. 687, held if the court had no jurisdiction it should of its own motion have dismissed the appeal. Where some adverse parties were left out of the petition, the court says:

"The principle, reason, and policy of the law in appeals seems to apply alike to the same end, whether the question of jurisdiction arise in the consideration of the appeal bond, or of the process whereby the necessary and proper parties to the judgment are to be brought before the appellate court. In either case, the court will decline to take jurisdiction to revise a judgment rendered below, unless the proper parties to be affected by the revision shall be brought before it in the mode which the statutes regulating appeals contemplate."

In the case of Ferguson v. Beaumont Land & Building Co., supra, the transcript was filed in the Court of Civil Appeals on the 25th day of May, 1912. On November 15, 1912, defendants in error in that case filed a motion to dismiss the writ of error, and it was held that it was not necessary for the motion to have been filed within 30 days after the filing of the transcript in the Court of Civil Appeals; that, as the statute requires all parties interested, and who are therefore necessary parties, to be included in said petition, it is a necessary prerequisite; and that court dismissed the writ of error. In the Weems Case, supra, it is held that this provision requiring parties adversely interested to be named in the petition is mandatory.

[2, 3] It is provided in article 2104, V. S. C. S. 1914, that, where a bond is defective in form or substance, the appellate court may allow the appellant to amend such bond by filing a new bond, on such terms as the court may prescribe, but there is no provision of our statute which authorizes an amendment of the petition in this court. Prior to the enactment of this statute permitting the filing of an amended bond, the Supreme Court

in the Weems Case overruled the request of the plaintiff in error in that case for leave to amend the petition, and held:

"Under the old statute, Gertrude Watson would have been by the proceedings above a party defendant to the writ of error, as it was not required that the petition for writ of error should give the names of the defendants therein. It was sufficient if the bond was made payable to them, for it was the duty of the clerk upon filing the bond to obtain the necessary information from the papers in the cause from which to issue the citations. Therefore under the old statute the proper practice would have been for the Court of Civil Appeals to have merely stricken the proceedings from their docket as having been prematurely filed, leaving plaintiffs in error to perfect service in the court below upon Gertrude Watson, and then bring up the record."

We therefore hold that the motion to dismiss the writ of error was filed in time, that same was not waived by the appearance and filing of briefs of defendants in error who, under the rules must have filed their briefs for their own protection.

The writ of error is therefore dismissed, and the cause stricken from the docket.