## THE FARMERS' & MERCHANTS' NATIONAL BANK v. THE WACO ELECTRIC RAILWAY & LIGHT CO.

### No. 392.—Decided March 16, 1896.

**Practice on Appeal—Several Appeals in One Judgment.**

Two appeals in the same case do not make two cases. Where in the trial court there was but one case and judgment adjusting the rights of many parties, on appeal there is but one case, and where more than one transcript is filed the court may properly treat the transcripts as of one case and consolidate them. (P. 332.)

QUESTION CERTIFIED by Court of Civil Appeals for Third District in an appeal from McLennan County.

*Robertson & Davis*, for appellant.

*Clark & Boltinger*, for appellees.

GAINES, CHIEF JUSTICE.—The Court of Civil Appeals for the Third

District has certified under the statute the following question for our determination:

"The above cause is pending in the Court of Civil Appeals of the Third Supreme Judicial District of Texas, and there is also pending in said cause a motion to consolidate this case with No. 1476,—a question in which has this day been certified to the Supreme Court. If the Supreme Court of Texas shall answer the question certified in cause No. 1476,— that this court has jurisdiction to entertain and determine the appeal of that case, then the Court of Civil Appeals of the Third Supreme Judicial District requests the Supreme Court to answer the question if it would be permissible and proper for this court to consolidate the two cases stated."

From the question and the statement which accompanies it, it appears that this is the same case as that of the Metropolitan Trust Company and others against The Farmers' and Merchants' National Bank and others, pending in the Court of Civil Appeals for the Third District, in which a certified question was this day decided by this court. They are appeals from the same judgment, the one, by two of the plaintiffs and a defendant in the court below,—the other by an intervening creditor. Caperton v. Wanslow, 18 Texas, 125, was a similar case. There an appeal was perfected by the defendant and a writ of error was sued out by the plaintiff. Each party procured a transcript, and both records were filed on the same day. In disposing of the case the court say: "But there was no necessity for the appellee to sue out a writ of error and bring up a separate transcript of the record, to enable him to assign the error in the judgment. He could as well have made his assignment, and had it incorporated in the record brought up by the appellant. He, therefore, must be taxed with the costs of the record brought up upon his writ of error, as well as his petition in error and the proceedings thereon." It is evident from these remarks, that although each party sought relief from the judgment by a separate proceeding, the court treated the appeal and the writ of error as presenting but one case. Whether there was a motion to consolidate or not does not appear. The action of the court in the case cited indicates, in our opinion, the proper practice. Two appeals in the same case do not make two cases. Here there was but one case in the Appellate Court, as there was in the trial court; and it should be so treated by the former court, whenever their attention is called to the fact.

We answer the question in the affirmative.