### J. H. & S. E. CURLIN V: CANADIAN AND AMERICAN MORTGAGE AND TRUST COMPANY.

#### Decided February 1, 1897.

**Writ of Error—Parties—Waiver.**

Judgment having been recovered against defendant M. on notes secured by mortgage, with foreclosure of same on land claimed by defendant C., the latter sued out writ of error, making as defendant therein and payee of his bond the plaintiff, but not M. The case having been submitted in the Appellate Court and· reversed, a motion for rehearing was filed, and, while it was pending, on motion of defendant in error, the writ of error was dismissed because M. had not been made a party to the proceedings. Held, that the motion came too late; M. was not a party necessary to give the Appellate Court jurisdiction; its judgment would not be void as between the parties who appeared; defendant in error by appearing and submitting the case, waived the error in not joining M. as a party.

ERROR to Court of Civil Appeals, Fourth District, on writ of error from Dallas County.

*E. P. Anderson,* for plaintiff in error.—The motion to dismiss came too late. Bank of Commerce v. State, 36 S. W. Rep., 719.

*Cobb & Avery,* for defendant in error.—The interests of McCarty and Curlin were adverse. Greenwade v. Smith, 57 Texas, 195; Young v. Russell, 60 Texas, 684; Meade v. Bartlett, 77 Texas, 365; Wright v. Red River County Bank, 2 Texas Civ. App., 97; Hayden v. Mitchell, 24 S. W. Rep., 1085; Bauer v. Adkins, 28 S. W. Rep., 1009.

It is the duty of the court at any time upon discovery that a necessary party is not before the court to dismiss the cause. Mills v. Bagby, 4 Texas, 320; Martin v. Latimer, 4 Texas, 335; Chambers v. Shaw, 16 Texas, 144; Crunk v. Crunk, 23 Texas, 605; Young v. Russell, 60 Texas, 684; Smith v. Parks, 55 Texas, 85; Greenwade v. Smith, 57 Texas, 195;

Thompson v. Pine, 55 Texas, 428; Burnard v. Tarlton, 57 Texas, 403; Ha. ן v. Mitchell, 24 S. W. Rep., 1085; Bauer v. Adkins, 28 S. W. Rep., 1009.

BROWN, ASSOCIATE JUSTICE.—The Canadian and American Mortgage and Trust Company, Limited, sued A. E. McCarty, J. H. and S. E. Curlin and J. J. Giddings in the District Court of Dallas County, alleging that on January 28, 1889, A. E. McCarty executed and delivered to it two promissory notes, each for $750, due respectively January 1, 1893, and January 1, 1894, each to bear interest at nine per cent per annum, payable semi-annually, and that to secure the said notes said McCarty and his wife, J. E. McCarty, made and delivered to J. Given and George Hunter Robinson a deed of trust upon two tracts of land, one containing 100 acres and the other 75 acres, giving a sufficient description of each tract. It was alleged that J. H. and S. E. Curlin were in possession of the 75 acre tract and J. J. Giddings was in possession of the 100 acre tract, each of them claiming the land so possessed under some claim of right or title not known to plaintiff; the petition sought judgment against McCarty upon the notes and to foreclose the lien upon the land.

During the pendency of the suit A. E. McCarty died, and an amended petition was filed, making his wife, E. J. McCarty, party-defendant, alleging that she had qualified as surviving wife under the community laws of this State.

J. J. Giddings withdrew his answer and E. J. McCarty seems to have made no defense to the action.

J. H. and S. E. Curlin answered, and among other things pleaded that 75 acres was a part of their homestead, which they then occupied as such and had for more than twenty years prior thereto; that they conveyed it to J. J. Giddings and J. H. Beauchamp by absolute deed upon its face, but which was in fact intended as a mortgage to secure a certain purpose, not setting it out in the answer, to which, however, there was no exception. It was alleged that no consideration passed from Giddings and Beauchamp to Curlin and wife for the land. Plaintiff denied any knowledge of the homestead right of Curlin and wife in the land or that the conveyance from them to Giddings and Beauchamp was other than an absolute conveyance of the title.

On March 7, 1894, judgment was rendered in favor of the plaintiff against E. J. McCarty as surviving wife of A. E. McCarty for the debt, interest and costs, awarding execution against the community property in her hands. The judgment foreclosed the lien of the trust deed upon the land described in the petition, including the 75 acres, as against all of the defendants.

The evidence shows that J. H. Curlin and wife owned a homestead of 150 acres in Ellis County and in order to enable Giddings and Beauchamp to go on the bond of T. H. Curlin, J. H. and S. E. Curlin conveyed to Giddings and Beauchamp 75 acres, a part of their homestead; that the bond was never forfeited and was not paid by Giddings or Beauchamp.

Afterwards J. J. Giddings executed to the Edinburgh-American Land Mortgage Company, Limited, two notes for $1500 ($750 each) and exe-- cuted to J. B. Simpson as trustee to secure the said notes a deed of trust. upon the 100 acres of land and upon the 75 acres. These notes not hav- ing been paid, Simpson sold the land as trustee under the deed of trust, bid it in for A. E. McCarty, and conveyed both tracts of the land to Mc-- Carty, reciting the consideration for the 75 acres as $1000 and of the other as being $1500, but in fact no money was paid by McCarty to Simpson. McCarty executed to the plaintiff the two notes sued on and gave the deed of trust sued upon to secure the notes, and upon which the plain- tiff paid to Simpson the $1500, he being its attorney at the time. With the money received from the plaintiff, Simpson paid off the notes due to the Edinburgh-American Land Mortgage Company from Giddings.

Petition for writ of error was filed in the District Court of Dallas Coun- ty the 12th day of February, 1895, by J. H. and S. E. Curlin, in which the Canadian and American Mortgage and Trust Company, Limited, is made defendant. On the same day a bond for writ of error was filed by J. H. and S. E. Curlin as principals, J. A. Rosson, G. R. Fort, W. B. Thomason and J. D. Larence as sureties, payable to the Canadian and American Mortgage and Trust Company, Limited, in the sum of $200, and conditioned as a bond to pay costs. The transcript was filed in the Court of Civil Appeals for the Fifth Supreme Judicial District on the sixth day of July, 1895, by order of the court.

The case was transferred from the Fifth to the Fourth Supreme Judi- cial District and was submitted in that court, and by the court a judgment was rendered reversing the judgment of the District Court, but there is nothing in the record to show the date of the submission nor the date of judgment of the court. On the fourth day of June, 1896, a motion for rehearing was filed by the Canadian and American Mortgage and Trust Company, Limited, in the Court of Civil Appeals for the Fourth Supreme Judicial District, and on September 16, 1896, a motion to dismiss the case was filed by the said Canadian and American Mortgage and Trust Com- pany; upon the hearing of the motion, the Court of Civil Appeals set aside its former judgment reversing the judgment of the District Court, and dismissed the writ of error for the reason that E. J. McCarty had not been made a party defendant in the writ of error. E. J. McCarty had died between the time of the filing of the petition and bond for writ of error and the filing of the motion to dismiss.

The defendant in error filed a motion in the Court of Civil Appeals to dismiss this cause upon the ground that Mrs. E. J. McCarty was not made a party defendant in the petition for writ of error. The Court of Civil Appeals held that Mrs. McCarty was interested adversely to J. H. and S.. E. Curlin and therefore should have been made a party to the writ of error,. and because the plaintiff in error failed to make her a party in that pro- ceeding that court dismissed the cause. It is not necessary for us to de- termine whether Mrs. McCarty should have been made a defendant to the- writ of error, because, in our opinion, if we admit that she ought to have-

been and that the court, upon motion made at a proper time, would have dismissed the cause for a failure to join her as defendant, we believe that the motion came too late in this case and should have been overruled.

Under the facts of this case Mrs. McCarty was not a party necessary to give the Court of Civil Appeals jurisdiction as between J. H. and S. E. Curlin and the defendant in error, and the fact that she was not a party to the writ of error did not deprive the Court of Civil Appeals of authority to determine the rights of those parties who were before it. Ricker, Lee & Co. v. Collins, 81 Texas, 664.

A court might well refuse to hear a controversy to which all of the persons who would be affected by its decision were not parties, and yet in many such cases its judgment would not be void as between the persons who appeared before the court and were parties to the record.

In this case the pleadings made issues between the defendant in error and Mrs. E. J. McCarty and between the defendant in error and J. H. and S. E. Curlin, but there is no issue formed by the pledging as between Mrs. McCarty and Curlin and wife. It is true that in case the judgment of the District Court should be reversed, it may incidentally affect Mrs. Mc-Carty's interest by placing the matter before the court below for another trial, but then her rights would not be injuriously affected, for the administratrix of McCarty or his heirs could assert any defense or right that she or her husband had.

There might be a case in which the want of jurisdiction over the person of one interested party would so far affect the ability of the court to dispose of the matters in dispute that it would under all circumstances refuse to proceed with the trial, as in case of partition of land when it appears that an interested person is not made a party to the proceeding for the reason that the interests of all directly involved. But, as we have seen, this case does not fall within that class.

Defendant in error appeared by brief in the Court of Civil Appeals in August, 1895, and the case was submitted to that court and by it decided some time in the spring months of 1896, the court then entering judgment reversing the judgment of the District Court and remanding the cause; after which the defendant in error moved for a rehearing, and finally on September 16, 1896, while its motion for rehearing was pending, filed a motion to dismiss the writ of error upon the ground, among others, that Mrs. E. J. McCarty was not made a party to the writ of error. This motion was filed more than a year after the defendant in error had made its appearance and after the cause had been submitted without objection in the Court of Civil Appeals. We think that such delay should be held to operate as a waiver of the objection, and that the Court of Civil Appeals should have overruled the motion to dismiss the cause. Ricker, Lee & Co. v. Collins, 81 Texas, 664; Easter v. Severin, 78 Ind., 540; Talburt v. Life Ins. Co., 80 Ind., 434; Bank v. Essex, 84 Ind., 144; Burk v. Simonson, 104 Ind., 173.

The cases cited from the Indiana court we regard as analogous in principle to the case now before the court. By the notice required by law to

be given in that State to the co-party in case of appeal, such person was made a party to the proceedings by appeal and the notice served the same purpose as is accomplished in this State by inserting the name in the petition and bond and service of citation.

The Court of Civil Appeals erred in dismissing the writ of error in this case, for which error its judgment is reversed and the cause remanded to that court with instructions to reinstate the case upon its docket.

*Reversed and remanded.*

*Cobb & Avery,* for defendant in error, in support of a motion for rehearing, contended that the mortgagor was adversely interested to plaintiff in error and was a necessary party, citing and discussing Davis v. Mercantile Tr. Co., 152 U. S., 390; Lancaster v. Maxwell, 37 Pac. Rep., 207; Inman v. Vogel, 40 N. W. Rep., 665; Walsh v. Brockway, 40 N. W. Rep., 29; Barnhart v. Edwards, 111 Cal., 428; Ricker, Lee & Co. v. Collins, 81 Texas, 664.

That it was the duty of the court to dismiss whenever it discovered that a necessary party was omitted, they further cited Burr v. Lewis, 6 Texas, 76; Lyell v. Guadalupe County, 28 Texas, 58; and the authorities cited in their original brief.

*E. P. Anderson,* for plaintiff in error, filed a brief and argument in opposition to the motion.

The motion for rehearing was overruled.

*Overruled.*