## C. F. DICKEY v. JOHN C. COX.

### Decided January 18, 1900.

**Appeal Bond—Party Interpleaded.**

Plaintiff sued in Justice Court upon an account assigned to him by B., and defendant interpleaded D., to whom B. had also assigned the same account. By the judgment D. was denied any recovery, and plaintiff recovered against the defendant for the amount of the account, and against defendant and D. for costs. D. gave notice of appeal to the County Court, and demanded that the justice make out and send up a transcript of the proceedings, but refused to file any appeal bond, claiming that he was entitled to appeal without giving bond, and afterwards he applied to the District Court for a mandamus to compel the justice to send up the transcript. Held, that the mandamus was properly refused, since, although no judgment was rendered against D., yet as the effect of the appeal, if perfected, would have been to annul the judgment of the Justice Court against the defendant, and to require a trial de novo in the County Court, plaintiff was entitled to have the security of an appeal bond as in ordinary cases of appeal under Revised Statutes, article 1670.

APPEAL from Smith. Tried below before Hon. J. G. RUSSELL.

*S. A. Lindsey,* for appellant.

*William H. Hanson,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought in the District Court of Smith County by the appellant, C. F. Dickey, for a writ of mandamus against the appellee, John C. Cox, a justice of the peace, to compel him to make out a certified transcript of the entries on his docket in a certain case determined in his court, and transmit the same with the original papers to the clerk of the County Court. The writ was denied.

The suit in the Justice Court was an action brought by A. L. Ragland against R. E. Batson and the St. Louis Southwestern Railway Company to recover $23.30, which the plaintiff alleged was for wages due by the defendant company to the said Batson, the account for which had been assigned to the plaintiff by Batson. The latter had also assigned the

same account to the appellant, C. F. Dickey, and the defendant company interpleaded him in the suit. Upon trial in the Justice Court judgment was rendered in favor of the plaintiff Ragland against the railway company for the sum of $23.30 and interest, and that C. F. Dickey, interpleaded by the railway company, and R. E. Batson, take nothing, but that all costs be adjudged against them. Dickey made a motion for a new trial which was overruled, whereupon he gave notice of appeal to the County Court, and requested the appellee, as the justice of the peace before whom the case was tried, to make out a transcript of the entries on his docket and transmit the same, duly certified, together with the original papers in the case, to the clerk of the County Court. This the appellee refused to do, unless the appellant would file an appeal bond, which the appellant declined to do, claiming that he was entitled to appeal from the judgment against him without bond. The appellant contends that as no judgment for any amount was recovered against him, he was not required to give bond to entitle him to appeal the case, and relies upon the following authorities to sustain him: Yarbrough v. Collins, 91 Texas, 306; Railway v. Red Cross Stock Farm, 91 Texas, 628; Edwards v. Morton, 92 Texas, 152.

While there was no judgment rendered against him directly for any amount, a judgment was rendered in favor of the plaintiff Ragland for the sum of $23.30 against the railway company, and it was from this judgment, as well as the judgment against him, that appellant desired to appeal. The effect of the appeal, if perfected, would have been to annul the judgment of the Justice Court, and to require a trial of the case de novo in the County Court. Moore v. Jordan, 65 Texas, 395. Because such would have been the effect of the appeal from the Justice Court, the plaintiff Ragland was entitled to have the security of an appeal bond. The statute plainly requires the execution of an appeal bond in double the amount of the judgment. Rev. Stats., art. 1670. The facts in the case were admitted, and it was not error for the trial judge to refuse to file conclusions. The judgment of the court below will be affirmed.

*Affirmed.*