Hall Music Company v. J. D. Hall and J. C. Riddell.

Decided May 8, 1909.

**1.—Practice—Demurrers.**

By the term "appellee" as used in art. 1670, Rev. Stats. concerning appeals from a Justice Court, is meant the party against whom the appeal is taken, the party who has an interest adverse to setting aside the judgment appealed from; and all such parties should be made obligees in an appeal bond from a Justice to a County Court.

**2.—Same—Case Stated.**

R. held a claim against a partnership for breach of contract; this claim R. assigned to H. and guaranteed its payment; H. sued the partnership in a Justice Court and made R. a party defendant; R. admitted H.'s claim, and plead over against the partnership; a trial in the Justice Court resulted in a judgment in favor of H. against R. on his guaranty alone, and that the partnership go hence on its plea of privilege; R. appealed to the County Court and made his appeal bond payable to H. alone. Held, the bond should have been made payable to the partnership as well as to H. and the County Court erred in overruling a motion in the County Court to dismiss the appeal.

Appeal from the County Court of Haskell County. Tried below before Hon. Joe Irby.

*Grogan, Cox & DeBogory,* for appellant.

*Helton & Murchison,* for appellees.

., CONNER, Chief Justice.—This suit was instituted by appellee J. D. Hall in the Justice Court, precinct number six, Haskell County, against appellee J. C. Riddell and appellant Hall Music Company, upon allegations to the effect that about August 1, 1907, J. C. Riddell purchased an organ from the Hall Music Company for the sum of one hundred dollars, warranted to be of good workmanship and material; that it was afterwards ascertained that the organ was not as warranted; that the organ was returned to the Hall Music Company, which had agreed to return the said purchase price, but wholly failed to do so; that in March, 1908, said Riddell had assigned his claim against the Hall Music Company to the plaintiff J. D. Hall and had guaranteed its payment. J. C. Riddell answered, and admitted "the truth of the allegations contained in plaintiff's pleadings;" adopted the

plaintiff's pleadings as "his own," and by reason thereof prayed for judgment "over against Hall Music Company and against Leon and Emmet Hall (alleged by plaintiff to be the members of the Hall Music Company, a partnership), for the sum of one hundred dollars and for interest and all costs of suit." The Hall Music Company presented duly verified pleas of privilege, alleging that the company had neither office nor agent in Haskell County where the suit was instituted, but had offices and did business only in Abilene, Taylor County, where Emmett Hall resided, and in Dublin, Erath County, where the remaining partner, Leon Hall, resided. The plea further negatived exceptions of the statute permitting suits against them in Haskell County.

The result of the trial in the Justice Court was a judgment discharging the Hall Music Company and Emmett and Leon Hall on their pleas of privilege, and in favor of the plaintiff J. D. Hall against J. C. Riddell for the sum sued for. From this judgment J. C. Riddell appealed to the County Court, executing an approved appeal bond in due form, save that it was made payable alone to J. D. Hall, the plaintiff in the suit and in the judgment. The trial in the County Court resulted in a judgment in favor of J. D. Hall against both the music company and J. C. Riddell for $104.36 2-3, and in favor of J. C. Riddell over against the music company in like amount. From this judgment appellant appeals to this court.

We are of opinion that the County Court erred, as assigned, in overruling appellant's motion to dismiss the appeal from the Justice's Court. On appeals from such court the law requires the party appealing "to file with the justice a bond with two or more good and sufficient sureties, to be approved by the justice, in double the amount of the judgment, payable to the appellee," etc. Rev. Stats., article 1670. By "appellee," say our Supreme Court in Slayton & Co. v. Horsey, 97 Texas, 343, "is meant the party against whom the appeal is taken— that is to say, the party who has an interest adverse to setting aside the judgment." It is apparent from the statement we have made of the case that the real controversy was between the Hall Music Company and J. C. Riddell. Neither in the Justice's Court nor in the County Court, as the record discloses, did Riddell resist by plea or evidence a recovery in favor of J. D. Hall, his assignee and warrantee. His dissatisfaction with the judgment of the Justice Court was evidently to that part thereof which discharged the Hall Music Company and the members composing the firm on their plea of privilege. They, as well as J. D. Hall, were adversely interested in sustaining the justice's judgment, and on appeal therefrom were entitled to the security in such cases provided by law. In the case of Brice Frazier v. L. B. Weinman, No. 4427, decided by this court on April 9, 1904, we had occasion to consider very nearly the precise question here presented, and we there held in an unpublished opinion that persons named in a cross-plea should have been made payees in an appeal from a judgment of the justice which they were interested in maintaining. See also Wright v. Bank, 2 Texas Civ. App., 97, and Young v. Russell, 60 Texas, 684.

We conclude that the judgment must be reversed and the cause remanded for the errors discussed, and that the County Court should

dismiss the appeal from the Justice Court unless the appellee J. C. Riddell shall file new bond, as provided by an Act regulating appeals passed by the Twenty-ninth Legislature in 1905 (see Gen. Laws 1905, p. 224). It is accordingly so ordered.

*Reversed and remanded.*