CHILLICOTHE LAND CO. v. WARD et al.

(Court of Civil Appeals of Texas. Amarillo. Nov. 24, 1911. Rehearing Denied Dec. 23, 1911.)

1. JUSTICES OF THE PEACE (§ 159*)—APPEAL AND ERROR—REQUISITES FOR TRANSFER—APPEAL BOND OR AFFIDAVIT.

Sayles' Ann. Civ. St. 1897, art. 1670, provides that upon appeal from the judgment of a justice the party appealing shall file with the justice a bond, payable to the appellee, conditioned for the effective prosecution of the appeal, and for the payment and satisfaction of the judgment which may be rendered against the appellant upon such appeal. In an action in a justice's court to recover a sum alleged to be due as commissions, defendant, by interplea and process issued thereon, made another person, who was also a claimant of the same commissions, a party to the suit, and the result was a verdict and judgment for the interpleader, and that the plaintiff take nothing. Plaintiff appealed to the county court, but filed no appeal bond or affidavit in forma pauperis in the justice's court. Held, since an appeal from a judgment in a justice's court annuls the judgment and transfers the whole cause to the county court for a trial de novo, the interpleader was entitled to a supersedeas bond or an affidavit in forma pauperis to secure him for being forced to forego the collection of his judgment and abide the new trial in the county court, and in default thereof the appeal was ineffective.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 550–578; Dec. Dig. § 159.*]

2. JUSTICES OF THE PEACE (§ 159*)—APPEAL AND ERROR—REQUISITES FOR TRANSFER—APPEAL BOND—SUFFICIENCY.

Such a bond should be made payable both to the original defendant and to the party interpleaded.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 159.*]

**3.** APPEAL AND ERROR (§ 20*)—NATURE AND GROUNDS OF APPELLATE JURISDICTION—JURISDICTION OF LOWER COURT.

Where a county court acquired no jurisdiction of a cause for a failure of the appellant therein to file a necessary bond on appeal from a judgment of a justice, the Court of Civil Appeals has no jurisdiction to review the judgment of the county court, and a writ of error thereto must be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 81–87; Dec. Dig. § 20.*]

Error from Hardeman County Court; W. S. Bannister, Judge.

Action by the Chillicothe Land Company against J. C. Ward, in which defendant interpleaded C. L. Lloyd. From a judgment for Lloyd on an appeal to the county court from a judgment of a justice's court, plaintiffs bring writ of error. Dismissed.

Berry & Stokes, for plaintiffs in error. Fires, Decker, Clarke & John, for defendant in error.

HALL, J. Plaintiffs in error, the Chillicothe Land Company, a partnership composed of T. W. Carr and P. L. Hammett, real estate brokers, instituted this suit in a justice court of Hardeman county, Tex., against the defendant, J. C. Ward, to recover $190, alleged to be due them as commissions for the sale of a certain farm belonging to defendant. Defendant, by interplea and process issued thereon, made C. L. Lloyd, another broker, who was claiming the commissions for the said sale, a party to the suit. A trial before the jury in the justice court resulted in a verdict and judgment for C. L. Lloyd in the sum of $180 against the defendant, and that plaintiffs take nothing. The plaintiffs appealed the case to the county court of Hardeman county, where, upon a trial before the court, the same result was obtained, and by writ of error plaintiffs bring the case to this court.

[1] C. L. Lloyd has filed his motion to dismiss the cause from this court, upon the ground that the county court had no jurisdiction of the cause, for the reason that plaintiffs filed no appeal bond or affidavit, in lieu thereof, in the justice court. In the case of H. & T. C. Railway Co. v. Red Cross Stock Farm, 91 Tex. 628, 45 S. W. 375, the Supreme Court held that, in an action before a justice, if the judgment was that plaintiff recover nothing, and that judgment was rendered against him for costs only, he was entitled to an appeal without filing an appeal bond, under article 1670, Sayles' Statutes. Upon authority of that case and those cases following it, we presume plaintiffs in error herein prosecuted their appeal from the justice court to the county court. Such a practice is permissible where there is no judgment to be superseded, but we do not believe this is such a case. The defendant, Ward, were merely a stakeholder, admitting

his liability to some one to the extent of $190, as commissions due for the sale of his farm, and, as was his right, had both parties before the court. Beyond the fact that he desired to be relieved of double liability, the defendant had no adverse interest to that of either party. C. L. Lloyd was the only party who was really adversely interested to the plaintiffs. An appeal from a judgment in the justice court has the effect of annulling that judgment and transferring the whole case to the county court for a trial de novo. Harter v. Curry, 101 Tex. 187, 105 S. W. 988. If the appeal had been legally perfected, defendant in error Lloyd would have been forced to forego the collection of his judgment in the justice court and abide the action of the county court. In order to force him to do this, a supersedeas bond, or, in lieu thereof, an affidavit in forma pauperis, should have been filed. An appeal by appellants in error without bond has forced him into the county court to litigate his rights anew, without the security for the ultimate collection of his judgment which the law contemplates he should have during the pendency of the appeal.

[2, 3] If plaintiffs in error desired to supersede the collection of the judgment, a bond should have been made, payable both to the stakeholder and defendant in error, or an affidavit filed. Failing to do this the county court acquired no jurisdiction of the cause, for which reason this court has none. The proceeding is therefore dismissed from this court, at the cost of the plaintiffs in error. Dickey v. Cox, 23 Tex. Civ. App. 67, 55 S. W. 360; Hall Music Co. v. Hall, 55 Tex. Civ. App. 610, 120 S. W. 904; Frazier v. Weinman, 120 S. W. 904; Slayton v. Horsey, 97 Tex. 343, 78 S. W. 920.