## JONES v. FIRST NAT. BANK OF GAINESVILLE.

(Court of Civil Appeals of Texas. Amarillo. Oct. 18, 1913.)

1. BILLS AND NOTES (§ 537*) — BONA FIDE HOLDER—QUESTION FOR JURY.

Where plaintiff states the note sued on was indorsed to it before maturity, and produces abundant and strong proof to sustain it, and defendant introduces testimony tending to show that another was in possession and was the owner of it a few weeks after its maturity, when plaintiff claims to have been its owner, there is more than a scintilla of evidence for defendant on the issue, so as to require its submission to the jury.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1862–1893; Dec. Dig. § 537.*]

2. APPEAL AND ERROR (§ 1001*) — TRIAL (§ 139*)—TAKING CASE FROM JURY.

Where there is more than a scintilla of evidence for each party on the issue, the case must go to the jury; and, in such a case, before a verdict has been rendered neither the trial nor appellate court has power to determine that a verdict for one of the parties would be so against the weight and preponderance of evidence as to require it to be set aside.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001;* Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

Appeal from Cooke County Court; C. R. Pearman, Judge.

---

Action by the First National Bank of Gainesville against H. R. Jones. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Stuart, Bell & Moore, of Gainesville, for appellant. Davis & Davis, of Gainesville, for appellee.

HENDRICKS, J. The appellee, the First National Bank of Gainesville, Tex., sued appellant, H. R. Jones, in the county court of Cooke county, upon a promissory note, executed by appellant, payable to the order of the bank of Myra, a partnership, for the sum of $639.65; said note dated July 15, 1910, and maturing July 1, 1911, claiming to be the assignee and owner of same, by indorsement from the Myra bank. The appellant answered under oath, alleging payment of the note to the bank of Myra, and further that the First National Bank of Gainesville acquired said note after maturity, and the county judge peremptorily instructed the jury in favor of the appellee bank, for the full amount of the note.

As to the propriety of the peremptory instruction, the appellant contends that there was sufficient evidence tending to prove the ownership of this note in another, at a time totally inconsistent with the claim of ownership of the appellee, and that such testimony in opposition tends to prove that the Gainesville bank did not acquire the note before maturity, but its acquisition was necessarily after maturity, letting in the plea of payment interposed by appellant to cancel the paper. The appellee exhibits a blank indorsement upon the note and testimony by the president, vice president, and assistant cashier, to the effect that the note was acquired before maturity with a blank indorsement upon the paper, dated July 16, 1910, one day after the execution of the note, with other testimony tending to prove its ownership during the period claimed. The principal evidence of the appellant is that one Harris, during September, 1911 (the note maturing July 1, 1911), was in possession of said note, claiming to own it, and exercising acts of ownership over the same and was attempting to trade and sell the paper as the owner, which, if true, appellee could not have acquired the note at the time claimed.

[1] The Supreme Court of this state has said, in the case of Washington v. M., K. & T. Ry. Co., 90 Tex. 321, 38 S. W. 766: "We recognize the rule that, in order to require an issue to be submitted to the jury, there must be something more than a scintilla of evidence. There must be evidence sufficient to warrant a reasonable belief of the existence of the fact which is sought to be inferred." And the Supreme Court of Illinois says that "a mere scintilla of evidence, if it means anything, means the least particle of evidence—evidence which, without other evidence, is a mere trifle." Offut v. World's Columbian Exposition, 175 Ill. 472, 51 N. E. 651. The only other rule we know of to assist us as to the sufficiency of evidence to warrant a reasonable belief of the existence of a fact which is sought to be inferred, and advances the value of testimony from the scintilla to the probative stage, and increases its significance sufficiently as worthy of proof of an issue of fact, is the rule of our Supreme Court, enunciated in the Lee Case, 89 Tex. 588, 36 S. W. 63 (stated by us conversely to the statement there), that, where the evidence is of such character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it, it ceases to be a question of fact for the jury. Hence the question here, whether the testimony has advanced from the nebulous condition of the scintilla status to the more concrete one proving a litigated fact, and considering both rules, is determinable by the opposition of facts attempted to be sustained. The appellee says, "The note was indorsed to me before maturity," and produces abundant and strong proof to sustain it; the appellant introduces testimony tending to show that another was in the possession and was the owner of said note a few weeks after the maturity of same and at a time when appellee so strongly and vigorously claims to have owned the paper—two inconsistent facts, the deduction from each tending to prove contrary issues, which we clearly think the jury should have decided.

[2] The appellee earnestly contends that the preponderance of the testimony, and the great weight of the same, is so strong in his favor as to require the trial court to set a verdict aside if found against him. Believing that there is some testimony more advanced than the scintilla stage, which ordinary minds might differ upon, as to the ownership of the note in September, 1911, we would rather for the trial court to pass upon that question if a jury were to decide against the appellee before we deprive the appellant of a jury trial. We have searched the authorities for a precedent for the exercise of power inherent in this court to determine a case by making an original determination of a question of fact, where the trial court has taken the case from the jury—where the evidence is in a similar condition as in this record, assuming that it strongly preponderates in favor of the appellee. This is different, however, from a case of a total lack of evidence, of insufficient evidence, or evidence in the scintilla class, in which condition it is the duty of this court to render such judgment as the trial court should have rendered. And we are unable to find such an authority, and the tendency of the holding of the Supreme Court is against the position. Choate v. Railway Company, 91 Tex. 406, 44 S. W. 70. The Supreme Court says that it was never intended to substitute the judgment of the appellate courts upon the facts of a case in place of that of the jury, and to make the

determination of these courts final. Of course, where the verdict of a jury is so manifestly against the strong preponderance and the weight of the testimony as to indicate that it was the result of an improper motive, and not a determination of the case, based upon the facts, we have the power to set it aside, even if the trial court fails in that respect; but, unless we are affirming the judgment or verdict of a case upon appeal, we have no power to make an original determination of a question of fact, where the evidence is sufficient to put it to the jury, and it is only thereafter that a trial court, or an appellate court, can correct what a jury has improperly decided.

The case is reversed and remanded.