KNIGHT v. SIMONS et al. (No. 1334.)

(Court of Civil Appeals of Texas. Texarkana. May 7, 1914.)

1. APPEAL AND ERROR (§ 770*)—BRIEFS—FILING.

Where plaintiff in error did not comply with Rev. St. 1911, art. 2115, and district court rule 102 (142 S. W. xxiv), requiring the filing of briefs in the court below not less than five days before the time of filing the transcript in the Court of Appeals, the briefs must be stricken.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3106, 3107; Dec. Dig. § 770.*]

2. APPEAL AND ERROR (§ 770*)—BRIEFS—NECESSITY.

Where briefs of the plaintiff in error were stricken because not filed in time, only fundamental errors can be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3106, 3107; Dec. Dig. § 770.*]

Error from Tarrant County Court; Chas. T. Prewett, Judge.

Action by J. A. Simons, Jr., and others against L. A. Knight. There was a judgment for plaintiffs, and defendant brings error. Affirmed.

Wm. J. Berne, of Ft. Worth, for plaintiff in error. Q. T. Moreland, of Ft. Worth, for defendants in error.

LEVY, J. The suit was by defendant in error, Simons, to recover damages for breach by plaintiff in error of a contract to sell and deliver 25 cars of hay. Plaintiff in error delivered 6 cars of hay, but refused to deliver the remaining 19 cars. There was a material advance of the market price of hay of $2 a ton over the price provided for by the contract at the time of the breach. Plaintiff in error's defense to the suit was that the contract provided that, if the contractee failed to pay any of his drafts drawn for hay shipped, then plaintiff in error had the right to terminate the contract. The evidence does not show, in point of fact, a breach of the terms of the contract by defendants in error. The evidence does show, in point of fact, a mere delay in the payment of the first drafts by defendants in error, proximately due to the fault of plaintiff in error, through his authorized agent, in the manner and mode of shipment of the hay and forwarding the drafts for collection and payment. There was a trial to a jury, and judgment was rendered for defendant in error, Simons, for the difference between the contract price of the hay and the market price at time of breach of the contract.

[1, 2] Defendants in error have, prior to the submission of the case, filed a motion to strike out plaintiff in error's brief upon the grounds that it had not been filed in the court below and notice given as required by statute, and was filed in this court, without agreement, at a time too late to enable defendant in error before submission of the case to make and file his brief. Plaintiff in error replies to the motion to strike out the brief, but does not show a compliance with the statute and rules with reference to preparing and filing briefs, nor any agreement to waive these requirements. The motion and reply were carried with the case for ruling. There being no compliance with the statute (article 2115) and the rule (102 of the district court [142 S. W. xxiv]) with respect to filing and service of briefs, and there being no agreement of counsel to waive such requirements and file briefs in this court at the late date here done, it is not believed that we would be warranted in denying the motion to strike out the brief. As the briefs are stricken out, this leaves us to consider fundamental errors; and, there appearing no fundamental errors, the judgment must be affirmed.