**REILLY v. HANAGAN et al.　(No. 9568.)**

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 25, 1920. Rehearing Denied Dec. 11, 1920.)

1. **Appeal and error ⟨⟩773(2) — Unexcused failure to file briefs in lower court as required necessitates dismissal.**

Where plaintiff in error failed to file briefs in lower court, as required by Rev. St. art. 2115, the writ will be dismissed on defendant in error's motion, pursuant to Rules for the Courts of Civil Appeals, No. 39 (142 S. W. xiii); no excuse having been offered for such failure to comply with the statute, and the burden of showing that no injury can result to defendant in error being on plaintiff in error.

2. **Appeal and error ⟨⟩765—Custom as to filing briefs in trial court cannot overturn statute and rules.**

General custom in the county of trial to file transcripts on appeal without having first filed briefs in the lower court could not of itself be allowed, in the absence of waiver or

agreement to the contrary, to govern Rev. St. art. 2115, requiring briefs to be filed in the lower court not less than 5 days before the time of filing transcript in the Court of Civil Appeals, and Rules for the Courts of Civil Appeals, No. 39 (142 S. W. xiii), providing for dismissal of writ of error for failure so to file briefs.

**3. Appeal and error &#9750;323(1)—In suit against plaintiff's father and brothers to recover share of community, brothers were necessary parties to father's appeal.**

In suit by a daughter against her father and brothers to recover her share of the community estate of her father and deceased mother, plaintiff's two brothers were necessary parties to the father's appeal by writ of error, according to plaintiff daughter's allegations being necessary parties to the suit and interested adversely to plaintiff.

On Motion for Rehearing.

**4. Appeal and error &#9750;835(2)—Party cannot claim her violation of rule as to briefs not prejudicial for first time on rehearing.**

Where plaintiff in error, in answer to motion to dismiss writ for failure to comply with Rev. St. art. 2115, by filing briefs in the lower court, made no effort to show that defendants in error will have ample time within which to brief their case, after judgment on the motion, and without excuse for not making timely answer, plaintiff in error cannot be heard on petition for rehearing or favored on his contention that his violation of the statute and Rules for the Courts of Civil Appeals, No. 39 (142 S. W. xiii), is without prejudice to defendants in error.

Error from District Court, Wichita County; H. F. Weldon, Judge.

Suit by Lucile Reilly Hanagan and another against Hugh Reilly and others. To review judgment for plaintiffs, the named defendant brings error. Writ dismissed.

Carrigan, Montgomery, Britain & Morgan and Weeks, Morrow, Francis & King, all of Wichita Falls, for plaintiff in error.

Etheridge, McCormick & Bromberg, of Dallas, for defendants in error.

CONNER, C. J. In this case, as appears from the transcript and briefly stated, the record shows that defendant in error, Lucile Reilly Hanagan, joined pro forma by her husband, W. F. Hanagan, instituted this suit against Hugh Reilly, Edward Reilly, and Hugh Reilly, Jr. She alleged that she was the daughter of defendant Hugh Reilly and her mother, Glenn Reilly, and that the other defendants, Hugh Reilly, Jr., and Edward Reilly, were the sons of Hugh Reilly and brothers of the plaintiff; that her mother, Glenn Reilly, died September 4, 1896, leaving a community estate of herself and Hugh Reilly, consisting of several hundred head of cattle, some horses, and other personal prop-

erty, and also some 402½ acres of land; that her said mother died intestate and that her father, Hugh Reilly, failed to qualify as administrator but continued in the possession and management of the property as before her mother's death; that since her mother's death Hugh Reilly had from the proceeds of sale of said personal property acquired numerous other tracts of land which were described in the petition, certain moneys and personal property, etc. She accordingly sued to recover an undivided one-sixth interest in the 402½ acres of land owned by Hugh Reilly and her mother before the latter's death, and in the other lands and money and property since acquired, as alleged. It was averred that Edward Reilly and Hugh Reilly, Jr., refused to join in the suit, and they were accordingly made defendants. There was a prayer for the recovery of the said one-sixth interest in the land and other property and for partition.

The defendants Edward Reilly and Hugh Reilly, Jr., do not appear to have answered. Hugh Reilly answered to the effect that at the death of his wife, the mother of plaintiff Lucile Reilly, the community estate of the two was insolvent; that there existed a large amount of indebtedness, which he later paid out of his own separate estate, and to recompense himself therefor had appropriated the community estate referred to in the plaintiff's petition. Upon the facts so stated, he further pleaded in the way of a cross-action against the plaintiff Lucile Reilly and her husband, and against his said two sons, Edward and, Hugh, Jr., for the recovery of all the land and property described in the plaintiff's petition.

As appears from the transcript, judgment was rendered in accordance with the verdict of the jury in answer to special issues in favor of Lucile Reilly and her husband against all of the defendants for an undivided one-sixth interest in the 402½ acres of land described in the plaintiff's petition found to have been the community property of Hugh Reilly and his deceased wife subject to the homestead rights of Hugh Reilly in 200 acres thereof. The plaintiff further recovered against Hugh Reilly the sum of $455.70, with interest at the rate of 6 per cent. per annum from May 10, 1913; the same being one-sixth of the amount received by Hugh Reilly for mineral rights on the land referred to, less the sum of $1,892.01, with which the plaintiff Lucile Reilly was charged as her part of the community indebtedness which had been paid by Hugh Reilly. The plaintiff was denied a partition on the ground that the land was incapable of partition. The judgment was also for the plaintiff against all the defendants for costs, and against her as to all other property sued for in her petition. The judgment was to the further effect that

&#9750;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the defendant Hugh Reilly, on his cross-action, recover from the defendants Edward and Hugh Reilly, Jr., all the lands and other property described in the plaintiff's petition, except the undivided one-sixth interest in the 402½ acres of land for which the plaintiff recovered judgment.

After the rendition of this judgment, Hugh Reilly alone made a motion for a new trial, which was overruled. No appeal, however, was perfected; but Hugh Reilly alone later filed the petition for the writ of error now before us. In this petition, and in the writ of error and in the bond and citations required in such cases under our statutes, Lucile Reilly Hanagan and W. F. Hanagan alone were made parties.

Defendants in error present a motion to dismiss the writ because of certain omissions and clerical errors appearing in the transcript, and because of the failure of the plaintiff in error to make Edward Reilly and Hugh Reilly, Jr., parties to the writ, and upon the further ground that plaintiff in error has filed no brief with the clerk of the district court in which the judgment was rendered, as provided by article 2115, Rev. Statutes, and by rule 102 (142 S. W. xxiv) of the district and county courts. The preparation and supervision of the transcript was evidently very hurried but the omissions and errors in its preparation could doubtless be corrected in accordance with the prayer of the plaintiff in error's motion to that effect, and we therefore will not notice this ground of the motion to dismiss.

[1, 2] We are of the opinion, however, that the other grounds of the motion are well taken. Article 2115 of our Revised Statutes provides as follows:

"Not less than five days before the time of filing of the transcript in the Court of Civil Appeals the appellant or plaintiff in error shall file with the clerk of the district court a copy of his brief, which shall be by the clerk deposited with the papers of the cause, with the date of filing indorsed thereon; and the clerk shall forthwith give notice to the appellee or defendant in error, or his attorney of record, of the filing of such brief, and that in twenty days after such notice the appellee or defendant in error shall file a copy of his brief with the clerk of said court below, and with the clerk of the Court of Civil Appeals four copies."

Rule 39 (142 S. W. xiii), promulgated for the government of Courts of Civil Appeals, thus reads:

"The failure of appellant or plaintiff in error to file an assignment of errors and briefs in the lower court, and in the appellate court in the time and in the manner prescribed by law and by the rules, shall be ground for dismissing the appeal or writ of error for want of prosecution, by motion made by appellee or defendant in error, unless good cause is shown why it was not done in the time and in the manner as prescribed, and that they have been filed at such time and under such circumstances as that the appellee or defendant in error has reasonably not suffered any material injury in the defense of the case in the appellate court. In deciding said motion, the court will give such direction to the case as will cause the least inconvenience or damage from such failure so far as practicable."

It is undisputed that plaintiff in error has failed to comply with the statute above quoted by filing the briefs in the court below. The only answer made to this ground of the motion is that there is a general custom in the county of the trial to file transcripts on appeal without having first filed briefs in the lower court, and that the defendants in error have not shown any substantial injury arising from the failure complained of. Plaintiff in error, however, presents no briefs in answer to the motion, nor does he proffer to file briefs, or even avow any intention that he ever will. Under such circumstances, we know of no just reason why we should deny to the defendants in error, they so insisting, the privilege given them by the statute for timely notice of what they will be expected to meet in the contest on appeal. True, it has been held by our Supreme Court (see Railway Co. v. Holden, 93 Tex. 212, 54 S. W. 751) that a violation of the statute relating to a filing of briefs in the trial court does not necessarily require a dismissal of an appeal, but that notwithstanding such violation this court may give such direction to the case as will avoid injury to either party. But while we might refuse to dismiss an appeal for failure to file briefs upon a sufficient excuse, or upon a showing that injury would or could not result to the opposing party yet we think it must be said that a violation cannot be ignored where, as in this case, no excuse whatever is shown, and where, as here, the party who seeks to avoid the excuse of his violation makes no showing that injury to his opposing litigant cannot result. We think the burden, if any, of showing that no injury can result to the opposing party is upon the party seeking to excuse his violation of the statutes, and not upon the party who invokes it. We are further of the opinion that the custom such as pleaded in answer to the motion cannot of itself be allowed, in the absence of a waiver or agreement to the contrary, to govern the specific terms and requirements of the statute and rule. See Paris, Marshall & Sabine Pass Ry. Co. v. Killingsworth, 43 S. W. 1046; Knight v. Simons, 168 S. W. 1018; Mankens v. State (Cr. App.) 57 S. W. 950; Frost v. State (Cr. App.) 57 S. W. 669; M., K. & T. Ry. Co. v. Jefferson, 201 S. W. 211.

[3] Perhaps, however, the more serious ground for dismissal is because of the want of the necessary parties. As stated, the transcript fails to show that either Edward Reilly or Hugh Reilly, Jr., filed an answer below. Indeed, we cannot say that they were ever cited to answer either the plaintiff's suit or defendant's cross-action, except by indulging

the presumption of the regularity of official proceedings; and it is certain that plaintiff in error failed to make them parties in this petition for the writ, or in the bond and citations required in order to perfect his appeal. We are of the opinion that Edward Reilly and Hugh Reilly, Jr., were necessary parties to the appeal. According to the allegations of the plaintiff below they were certainly necessary parties to the suit and adversely interested to the plaintiff in error. As against them, as also against the plaintiff in error, the plaintiff below sought to recover any undivided interest in a large property with a prayer for partition. She was denied a recovery as to a large part of the property, and her prayer for partition adjudged against her. Nor can it be denied that Edward and Hugh Reilly, Jr., were adversely interested to the plaintiff in error on his cross-action.

The defendants in error, as they are permitted to do under the rules, have filed a cross-assignment of error, and, should the judgment in this case be reversed at the instance of either the plaintiff in error or the defendants in error, all issues made by the pleadings would again have to be determined. Under such circumstances, we think Edward and Hugh, Jr., should have been made parties to the appeal, to the end that they might be bound by our judgment and to the end that there may be but one final judgment in the disposition of the litigation. See Thompson v. Pine, 55 Tex. 427; Young v. Russell, 60 Tex. 686; Meade & Bomar v. Bartlett et al., 77 Tex. 367, 14 S. W. 388. See, also, Greenwade v. Smith, 57 Tex. 195; Summerlin v. Reeves, 29 Tex. 88.

Defendants in error's motion is accordingly sustained, and the writ of error dismissed.

## On Motion for Rehearing.

Counsel for plaintiff in error present a vigorous and persuasive motion for rehearing, but we do not see our way clear to grant it. It is sometimes difficult to determine just when a party to a judgment is a necessary party to an appeal, but to say the least of it the defendants Hugh Reilly, Jr., and Edward Reilly, are so intimately connected with the issues involved in this litigation as to render it advisable to have them before this court before undertaking to render judgment on either the plaintiff in error's assignments of error or the cross-assignments of defendant in error. The defendants named are full brothers of defendant in error Lucile Reilly Hanagan, and apparently equally entitled with her in sharing in their mother's estate, and no explanation is presented why the plaintiff in error was not allowed to recover against them and denied a recovery as to the sister. But it is said they have not complained by appeal or otherwise. True, the record presents no complaint on their part, but it does not exclude the possibility of a successful complaint in their behalf in the future. As noted in our original opinion, the record does not, by plea, recitation in the judgment, or otherwise, affirmatively show that Hugh Reilly, Jr., and Edward Reilly, either answered, entered an appearance, or were even cited to appear and answer the cross-action, which, so far as the record shows, was first presented more than a year after the suit was originally instituted by Mrs. Hanagan.

We cannot say from the record that Hugh Reilly, Jr., and Edward Reilly, may not yet appear and be able to show that either one or both were not cited or otherwise made parties defendant to the cross-action, and hence have the judgment below in plaintiff in error's favor set aside. It is to their apparent interest to do so, and at least one of these parties, Hugh Reilly, Jr., is alleged in the original petition to be a resident of a county in Texas other than that of the suit and trial. Such circumstances of the record and the possible confusion that might arise therefrom entered into our original consideration and continues to have weight with us and to add to our inclination to adhere to our original opinion on the subject. See, also, in addition to the authorities cited in our original opinion, the following cases: Curlin v. Can. & Am. Mortgage & Trust Co., 90 Tex. 376, 38 S. W. 766; Bornard v. Tarleton, 57 Tex. 402; McAllister v. Godbold, 29 S. W. 417; F. & M. Nat. Bank v. Waco Electric Co., 89 Tex. 331, 34 S. W. 737.

[4] Nor are we inclined to reverse our ruling on the other ground for dismissing the writ of error. True, the motion for rehearing presents the number of cases on the docket of this court and of the location of this case thereon, and other circumstances from which it is urged that defendants in error will have ample time within which to brief their case. But, as pointed out in our original opinion, no effort of the kind was made in answer to the motion to dismiss the writ of error, and under our rules, intended to conserve the time of this court, it was not our duty to grope through the record in an uncharted way in order to find a justifiable reason to relieve plaintiff in error from a plain violation of the rules relating to briefs which defendant in error was urgently invoking. Under such circumstances, and after judgment on the motion, and without excuse for not making a timely answer thereto, we think it now too late for plaintiff in error to be heard or favored on his present insistence that his violation of the rule regulating the filing of briefs is without prejudice or injury to the defendant in error. Moreover, in view of our rules under which cases pending on the docket of this court may be transferred to other Courts of Civil Appeals, it cannot be said with certainty just when this case may be reached, nor can we foresee circumstances that may

exist which might entail inconvenience or hardship upon defendant in error to now be required to meet or answer briefs by the plaintiff in error.

We accordingly conclude that the motion for rehearing should be overruled.