**TRAVIS REFINING CO. v. OSAGE OIL & GAS CO. et al.   (No. 2313.)**

(Court of Civil Appeals of Texas. Amarillo. April 23, 1924. Rehearing Denied May 21, 1924.)

Appeal and error ⬤⟿336(1)—Writ of error, failing to name cross-defendant adversely interested, will be dismissed.

In action for conversion, where defendant by cross-action sought recovery over against L. corporation on warranty of title, writ of error, based on trial court's dismissing corporation from case as not having been properly served, would be dismissed, where the writ of error did not name L. corporation nor state its residence, and no citation in error was served upon it, although the writ of error bond made such corporation an obligee; the requirement of Vernon's Sayles' Ann. Civ. St. 1914, art. 2088, that petition for writ of error shall state names and residences of parties adversely interested being mandatory.

Error from District Court, Wichita County; E. W. Napier, Judge.

Action by the Osage Oil & Gas Company against the Travis Refining Company, in which defendant filed a cross-action against R. F. Morgan and the Lewis Oil Corporation. The Lewis Oil Corporation was dismissed from the case, and defendant's motion to postpone trial was overruled, and defendant brings error. Writ of error dismissed.

T. F. Hunter and E. E. Fischer, both of Wichita Falls, for plaintiff in error.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for defendants in error.

HALL, C. J. The Osage Oil & Gas Company brought this suit against the Travis Refining Company, alleging that the defendant had possession of and had converted a certain steel storage tank belonging to plaintiff. Plaintiff in error answered that it owned the tank, and by cross-action against R. F. Morgan and the Lewis Oil Corporation sought to recover against them, alleging that they had warranted the title to said tank. The court held that the Lewis Oil Corporation had not been properly served with citation, and dismissed it from the case. The

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

plaintiff in error moved to postpone the trial in order to obtain service upon Lewis Oil Corporation, which motion was overruled. Bill of exception was also taken to the action of the court in holding that the Lewis Oil Corporation had not been properly served with process. The case is before us upon an application for a writ of error, which does not mention either the name or residence of Lewis Oil Corporation nor is it named in the writ of error. The writ of error bond, however, makes said corporation an obligee. Defendant in error has filed a motion in this court to dismiss the writ of error proceeding. V. S. C. S. art. 2088, provides that a petition for writ of error shall state the names and residences of the parties adversely interested, shall describe the judgment with sufficient certainty to identify it, etc. The provision that the petition shall state the names and residences of the parties adversely interested is held to be mandatory. No citation in error has ever been issued or served upon the Lewis Oil Corporation. Counsel for defendant in error insist that the judgment which dismisses the Lewis Oil Corporation from the case for want of proper service of process is severable, and for such reason the proceedings in error should not be dismissed. It alleges in its cross-action that the Lewis Oil Corporation was a proper and necessary party, and moved the court for a continuance in order to make it a party. Whether or not it was a necessary party, we think it was a proper party, and under the allegations of the cross-action it was certainly an adverse party. The plaintiff in error has assigned error upon the action of the court in quashing the service and in dismissing Lewis Oil Corporation from the case for want of proper service.

The first proposition urged here under its assignments is:

"Where the sheriff's return shows service on a foreign corporation by delivering a true copy of the writ of the citation to its local agent in person, evidence to overcome such return must be clear and convincing."

The second proposition under the eighth assignment raises the same question.

Since plaintiff in error is insisting in this court that the trial court erred in dismissing Lewis Oil Corporation, against which it sought a judgment in its cross-action from the case, it cannot consistently contend here that the Lewis Oil Corporation is not ad-versely interested and that it was not necessary for it to be named in the petition for writ of error. The correctness of the court's ruling in dismissing said company from this case is challenged in this court, and until said company is properly before us we are not permitted to determine the correctness of that ruling. For these reasons we think it is clear that the motion to dismiss should be sustained. Frazier v. Weinman (Tex. Civ. App.) 120 S. W. 904; Dunnagan v. East Texas C. & D. Co. (Tex. Civ. App.) 198 S. W. 357; Ferguson v. Beaumont Land & Building Co. (Tex. Civ. App.) 154 S. W. 303; McKnight v. McKnight (Tex. Civ. App.) 124 S. W. 735; Weems v. Watson, 91 Tex. 35, 40 S. W. 722.

Writ of error dismissed.

BOYCE, J., not sitting.

### On Motion for Rehearing.

HALL, C. J. The Lewis Oil Corporation was interpleaded by plaintiff in error as its warrantor of the title to the lease. Because of the want of proper service of process upon it, the trial judge dismissed the Lewis Oil Corporation from the case, and its action is assigned as error here and made one of the principal grounds of complaint. Until the Lewis Oil Corporation has been brought to this court, and we have acquired jurisdiction over it, in accordance with the provisions of the statute, we cannot adjudicate any question affecting its liability. The Lewis Oil Corporation is certainly adversely interested to plaintiff in error, who seeks to hold it liable upon a warranty of title. V. S. C. S. art. 2088, requires that the petition for writ of error "shall state the names and residences of the parties adversely interested." This statute has been construed against plaintiff in error's contention so often, in cases where warrantors were made parties by cross-action or had intervened, and where parties conditionally or secondarily liable were not named in the petition for writ of error, that we think the question is settled. In addition to the cases cited in the original opinion, see Pickett v. Jackson (Tex. Civ. App.) 38 S. W. 395; Hayden v. Mitchell (Tex. Civ. App.) 24 S. W. 1085; Pryor v. Krause (Tex. Civ. App.) 150 S. W. 972; Adams & Co. v. Evans (Tex. Civ. App.) 245 S. W. 450; Reilly v. Hanagan (Tex. Civ. App.) 225 S. W. 797.

The motion is overruled.