## FITZGERALD v. DR. PEPPER CO.
### Motion No. 10406.

Court of Civil Appeals of Texas. Dallas. March 12, 1932.

Andrews, Streetman, Logue & Mobley, of Houston, and Bullington, Humphrey & King, of Wichita Falls, for plaintiff in error.

I. M. Williams, Jed C. Adams, Rosser J. Coke, McCormick, Bromberg, Leftwich & Carrington, and Bartlett, Thornton & Montgomery, all of Dallas, for defendant in error.

JONES, C. J.

This is a motion to consolidate the above-styled cause with cause No. 11236, styled John H. Kirby et al. v. Grace Fitzgerald, trustee, et al., now pending on appeal in this court, and to use the record filed in that case for the record in the consolidated case.

The motion shows that the appeal in the instant case is by writ of error, in which Miss Grace Fitzgerald, trustee, hereafter referred to as trustee, is plaintiff in error, and the Dr. Pepper Company, a corporation, is defendant in error, and that the appeal in said cause No. 11236 is to review the same judgment that the instant appeal is to review.

It further appears in the motion that the suit was instituted in a district court of Dallas county by the trustee, to recover of John H. Kirby, O. S. Carlton, the Dr. Pepper Company, and others, certain shares of the capital stock of the Dr. Pepper Company, and, in the alternative, to recover damages for the wrongful conversion of the stock; that a judgment was entered in such suit in favor of Miss Fitzgerald against Kirby and Carlton and another, who has not appealed, but in favor of the Dr. Pepper Company, denying recovery by the trustee. From this judgment, Kirby and Carlton perfected their ap-

peal, but do not question the correctness of that portion of the judgment in favor of the Dr. Pepper Company, and such cause is now pending in this court as cause No. 11236; that a transcript and statement of facts have been filed in this court in such cause; that, after such appeal had been perfected by Kirby and Carlton, the trustee filed in the lower court a petition for writ of error and writ of error bond. Citation was duly issued and due service had thereon, and the appeal by writ of error was duly perfected to this court for review of that portion of the judgment in favor of the Dr. Pepper Company; that the transcript in the instant case and the transcript in cause No. 11236 are identical, except that in the former case the transcript contains an appeal bond, and in the instant case the transcript will not contain such appeal bond, but will contain the petition for writ of error, citation in error, and return thereon, and the writ of error bond, and that the statements of facts in the instant case will be identical with the one now on file in cause No. 11236; that the preparation of two complete transcripts and two complete statements of facts would be a useless duplication and entail extra costs, and the prayer of the motion is that the two causes be consolidated, and that the statement of facts and the transcript in cause No. 11236 be used as the statement of facts and transcript of the consolidated cause, except as to a supplemental transcript, to be filed by the trustee, to show the perfection of the writ of error by the trustee and the jurisdiction of this court over such appeal. The trustee offers to bear a just proportion of cost of the record now filed in cause No. 11236.

The Dr. Pepper Company, defendant in error in this case, objects to this procedure, for the reason that the proceedings by writ of error are definitely fixed by statute, and that there is no statutory provision authorizing or warranting the use in a case, taken up on writ of error proceedings, of a transcript and statement of facts duly filed in an appeal perfected by other parties in the court below.

The two appeals are from the same judgment in the district court. The appeal by Kirby and Carlton is from that portion of the judgment adverse to them as defendants in the suit, and the appeal by writ of error by the trustee is from that portion of the judgment adverse to her as plaintiff in the suit below, denying the same recovery against the Dr. Pepper Company which was secured against Kirby and Carlton. There was but one case below, and there should be but one case in this court. This condition can be accomplished by consolidating the two cases in this court, and such consolidation can be decreed by this court. Farmers' & Merchants' National Bank v. Waco Elec. Ry. &

Light Co., 89 Tex. 331, 34 S. W. 737; Nixor et al. v. Malone et al. (Tex. Civ. App.) 95 S. W. 577; Id., 100 Tex. 250, 98 S. W. 380, 99 S. W. 403; Texas Jur. vol. 3, § 710.

The motion to consolidate is granted, and the consolidated cause will take the number of cause No. 11236, and the transcript and statement of facts in the consolidated cause will be the transcript and statement of facts of cause No. 11236, except as to the necessary supplemental transcript to be filed by the trustee, to show the jurisdiction of this court on the writ of error. The trustee will bear her proportionate share of the cost of the record now on file in cause No. 11236.